**KRIEGER KIM & LEWIN** LLP

500 Fifth Avenue  
New York, NY 10110

Telephone: (212) 390-9550  
www.KKLllp.com

November 1, 2018

<u>By ECF</u>

The Honorable John F. Keenan  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

    Re: *Iacovacci v. Brevet Holdings, LLC, et al.*, 18 Civ. 8048 (JFK)

Dear Judge Keenan:

  We represent Plaintiff Paul Iacovacci in the above-referenced action (the "*Brevet Holdings* Case"). We write in response to the letter-motion filed on October 30, 2018 by Defendants Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, and Mark Callahan (the "Moving Defendants") seeking to adjourn the initial pretrial conference scheduled for November 13, 2018 (the "Conference") in the *Brevet Holdings* Case and *Iacovacci v. Monticciolo, et al.*, No. 18 Civ. 7984 (JFK) (S.D.N.Y.) (the "*Monticciolo* Case"). Largely for the reasons articulated in the letter filed by Plaintiff's counsel yesterday in the *Monticciolo* Case, we respectfully oppose the Moving Defendants' request.

  Filing a motion to dismiss does not automatically stay discovery. *See In re WRT Energy Sec. Litig.*, Nos. 96 Civ. 3610 (JFK) & 96 Civ. 3611 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996) ("While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic."); *Moran v. Flaherty*, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Instead, the party seeking a stay must demonstrate that there is "good cause" for one. Fed. R. Civ. P. 26(c). In determining whether good cause exists, courts consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks and alteration omitted). Because the Moving Defendants have thus far refused to meet and confer with Plaintiff regarding discovery as required under Rule 26(f) of the Federal Rules of Civil Procedure, and have not filed their motion to dismiss, neither the parties nor the Court are presently in a position to assess these factors definitively. We agree, however, with Plaintiff's counsel in the *Monticciolo* Case that Defendants seem unlikely to satisfy the "good cause" standard for a stay based on a motion to dismiss on abstention grounds. That is particularly true in the instant case, which arises under federal law and concerns issues that are collateral to the ongoing litigation in state court.

November 1, 2018
Page 2 of 2

      Unless a proper motion to stay is filed and granted, the Court should not adjourn the Conference or prohibit discovery from moving forward.  Consistent with his obligations under Rule 26(f), Plaintiff has provided a proposed discovery plan to Defendants, and if the Court requests, will provide the same to the Court in advance of the Conference.

                                              Respectfully submitted,
                                              KRIEGER KIM & LEWIN LLP

                        By:   */s/ Paul M. Krieger*
                                              Paul M. Krieger
                                              Jonathan F. Bolz

cc (by ECF):   All counsel of record