UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

Plaintiff,

-against-

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company*, BREVET CAPITAL MANAGE-MENT, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION PARTNERS, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION HOLDINGS, LLC, *a Delaware Limited Liability Company*, DOUGLAS MONTICCIOLO, *as a Member and the Majority Owner of Brevet Holdings, LLC, Chief Investment Officer of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, MARK CALLAHAN, *as President of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, JOHNNY LAN, *as Vice President and Head of Technology of Brevet Capital Management, LLC and Individually*, and JOHN AND JANE DOES 1 THROUGH 100,

Defendants.

Civil Case No.:
1:18-cv-08048-JFK

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION AND REARGUMENT**

Philip C. Semprevivo, Esq.
BIEDERMANN HOENIG SEMPREVIVO,
A Professional Corporation
One Grand Central Place
60 East 42nd Street, Suite 660
New York, New York 10165
Tel: (646) 218-7560
Philip.Semprevivo@lawbhs.com
*Attorneys for Defendants Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, and Mark Callahan*

Defendants Brevet Holdings, LLC ("BH"), Brevet Capital Management, LLC ("BCM"), Brevet Short Duration Partners, LLC ("Partners"), Brevet Short Duration Holdings, LLC ("Holdings"), Douglas Monticciolo, and Mark Callahan (collectively, the "Defendants"), by and through their attorneys Biedermann Hoenig Semprevivo, a Professional Corporation, respectfully submit this concise memorandum in support of their motion for reconsideration and/or reargument, pursuant to Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59 and 60, of the Court's May 13, 2019 Opinion & Order (ECF Doc. No. 49) that denied Defendants' motion to dismiss (the "Motion") (ECF Doc. No. 34, et seq.).

**PRELIMINARY STATEMENT**

This Motion is necessitated by the recent conduct of Plaintiff, which clearly reveals that while Plaintiff happily accepts the *results* of this Court's May 13, 2019 Opinion & Order (hereinafter, the "Order" or "May 13 Order") denying Defendants' motion to dismiss the instant 2nd Federal Action (18-cv-8048),[1] Plaintiff does not accept the Court's views as to the boundaries of the State Court Action, which were crucial to the Court's determination of that motion. As explained below, in Plaintiff's view, there are no such boundaries, and the subject matter of this 2nd Federal Action is completely subsumed within the broader State Court Action. Thus, Plaintiff has made it evident that notwithstanding this Court's earlier analysis, the State Court Action and 2nd Federal Action are truly parallel and "inextricably linked."

Defendants now request that this honorable Court consider the new facts presented below, reconsider aspects of the May 13 Order, and grant Defendants relief from having to litigate substantially identical issues in two different forums by abstaining from exercising its jurisdiction

---

[1] Plaintiff's 1st Federal Action (18-cv-7984) was dismissed on May 9, 2019, after Hon. John F. Keenan granted the motions to dismiss of the defendants in that action, on *Colorado River* abstention grounds.

in the instant action, in favor of the pre-existing State Court Action that was filed more than two-and-a-half years ago.

**APPLICABLE STANDARDS**

"Rule 60(b) permits a court, 'in its discretion,' to 'rescind or amend a final judgment or order.'" *We Shall Overcome Found. v. The Richmond Org., Inc.*, No. 16CV2725(DLC), 2018 WL 5307095, at *2 (S.D.N.Y. Oct. 26, 2018) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Moreover, "[t]he Court has authority under Fed. R. Civ. P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." *Pulte Homes of New York, LLC v. Town of Carmel*, No. 16 CV 8093 (VB), 2017 WL 4877427, at *1 (S.D.N.Y. Oct. 27, 2017), *aff'd*, 736 F. App'x 291 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 943 (2019) (quoting *Richman v. W.L. Gore & Assocs.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997)).

A party may make a motion for reconsideration under Local Civil Rule 6.3 when there exist "matters or controlling decisions which counsel believes the Court has overlooked." "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *We Shall Overcome Found. v. The Richmond Org., Inc.*, No. 16CV2725(DLC), 2018 WL 5307095, at *2 (S.D.N.Y. Oct. 26, 2018) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). For the purpose of such analysis, facts are considered "new in the sense of having been previously unavailable." *Id.* at *3.

Reargument, by contrast, is not based upon new materials. "A party seeking reargument must demonstrate that the Court overlooked controlling decisions or factual matters that were put

before it on the underlying motion and that might reasonably be expected to alter the conclusion reached by the court." *Pulte Homes*, 2017 WL 4877427, at *1 (quoting *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002)). "In doing so, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *Id.*

## ARGUMENT

### A. The Court Should Reconsider Its May 13 Order Based Upon New Facts

The Court's May 13 Order denying Defendants' motion to dismiss Plaintiff's instant 2nd Federal Action was rendered upon written submissions that were made by January 8, 2019, and oral argument that was held on February 19, 2019. Since that time, factual developments have occurred, which strengthen Defendants' position that the instant 2nd Federal Action represents nothing more than Plaintiff's attempt to vexatiously multiply the proceedings and litigate, in parallel, claims that have been, and continue to be, at issue in the pre-existing State Court Action.

On May 8, 2019, Plaintiff served a 5th Set of Interrogatories in the State Court Action, which all clearly relate to Plaintiff's allegations of computer fraud and hacking by Defendants. Plaintiff's 5th Set of Interrogatories contains thirty-seven (37) interrogatories. If subparts are counted, there are ***over four-hundred sixty (460)*** demands contained in Plaintiff's 5th Set of Interrogatories. *See* (Semprevivo Ex. A, Pl.'s 5th Set of Interrogs.).

Following receipt of this Court's May 13, 2019 decision, Defendants understandably requested that the 5th Set of Interrogatories be withdrawn, as those demands all relate to Plaintiff's allegations that Brevet unlawfully accessed the Computer, and should instead be made by counsel in the instant 2nd Federal Action. (Semprevivo Decl. ¶ 4). This issue was discussed by the parties at a conference before the Hon. John F. Keenan on May 22, 2019. (Semprevivo Decl. ¶ 4). At that

time, Plaintiff's counsel in the 2nd Federal Action, Mr. Krieger, appeared to agree that the demands would be more properly made within the instant Federal Action. (Semprevivo Decl. ¶ 5). Later that evening, Defendants' counsel sent an email formally requesting that Plaintiff's 5th Set of Interrogatories be withdrawn in the State Court Action. *See* (Semprevivo Ex. B, undersigned's 5/22/19 email).

On May 23, 2019, however, Plaintiff's counsel in the State Court Action, Mr. Ehrlich, unequivocally refused to withdraw the 5th Set of Interrogatories, stating that they "are relevant to the state law claims and certainly discoverable." *See* (Semprevivo Ex. B, Mr. Ehrlich's 5/23/19 email). Plaintiff's counsel further proposed to make discovery in the State Court Action freely available in the Federal Action "to the extent discovery from the state case overlaps with the federal case." *Id.* This is a clear admission that the subject matter of the State Court Action and Federal Action overlap.[2]

What is clear from the above conduct is that Plaintiff is trying to litigate, in parallel, his computer fraud and hacking claims in both State and Federal Court. Worse still, Plaintiff appears to be attempting to take advantage of the situation by mixing and matching elements that he likes from each forum. For example, Plaintiff insists on conducting his discovery in State Court, given that the State Court does not impose any limitations on the number of interrogatories that can be interposed. Plaintiff's 5th Set of Interrogatories, contains thirty-seven (37) interrogatories, which already exceeds the limit of twenty-five (25) provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(a)(1). If discrete subparts are counted, there are ***over four-hundred sixty***

---

2 And to the extent that the issues do not overlap, Iacovacci's counsel in the Federal Action has no legitimate purpose in seeking Brevet's highly confidential and proprietary information that has been disclosed in the State Court Action.

***(460)*** demands contained in Plaintiff's 5th Set of Interrogatories, a quantity well beyond any that would ever be permitted in Federal Court.

While Plaintiff wants to conduct discovery by New York State Court Rules, he nonetheless demands an adjudication from the Federal Court based upon those same materials. This type of conduct is far more egregious than forum shopping, because at least a party that forum shops eventually commits to a single forum. Here, Plaintiff insists on maintaining both lawsuits while blending aspects from both forums in a way that he perceives to be to his advantage.[3]

Furthermore, on May 9, 2019, the State Court issued its Order resolving Motion No. 18, a motion to compel brought by Plaintiff, directing Defendants to "conduct further search and provide supplemental response re: monitor, access, and entry of the Computer as requested in [Plaintiff's] Ex. 9, interrogatory 7 & 18, and Ex. 10, doc. request nos. 7, 8, and 28." (Semprevivo Ex. C, State Court's 5/9/19 Order resolving Mot. Seq. No. 018, NYSCEF Doc. No. 587). Thus, the State Court has taken jurisdiction of another evidentiary element of the 2nd Federal Action. This direction further demonstrates that the subject matter (and relevant evidence) of the State Court Action and the instant Federal Action, as pertains to Plaintiff's "hacking" claims against Defendants, are truly one and the same.

Indeed, as Plaintiff's refusal to withdraw the 5th Set of Interrogatories and the State Court's Orders prove, the instant Federal Action and the State Court Action are "inextricably linked." *See De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989); *Gen. Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988).

---

[3] This type of situation must occur rarely, if ever, because Defendants are not aware of any terminology for Plaintiff's maneuver.

Defendants request that this honorable Court consider these new facts, recognize Plaintiff's charade for what it is, and grant Defendants relief from having to litigate substantially identical issues in two different forums by abstaining from exercising its jurisdiction in the instant action. Although Plaintiff feigns the need for a stand-alone action in this 2nd Federal Action, the truth is that the subject matter of this action are completely subsumed within the broader State Court Action.

**B. <u>The Court Misapprehended or Failed to Address Certain Issues in Its Prior Order, Meriting Reargument</u>**

Defendants also respectfully submit that reconsideration is merited under the standards for reargument, because the Court has overlooked the following factual issues, arguments, and authorities that were previously placed before the Court.

First, the Court appeared to misapprehend the claims at issue in the State Court Action in stating that "the state court . . . need not resolve [the hacking] issue to arrive at a verdict on Iacovacci's fraud and breach of the implied covenant of good faith and fair dealing claims." (Order, at 13). In so doing, the Court relied upon *Frydman v. Verschleiser*, 172 F. Supp. 3d 653 (S.D.N.Y. 2016), a case in which alleged hacking was relevant to, but not in itself necessary to establishing that plaintiff's state court "disparagement" claim. *See* 172 F. Supp. 3d at 664. Indeed, proving whether hacking occurred is not an element of proving disparagement.

By contrast, this Plaintiff, in the State Court Action, is asserting that the alleged intrusions into the computer, in and of themselves, constitute sufficient predicate acts for a finding of fraud (Plaintiff's State Court Action Count VI) and/or the breach of implied covenant of good faith and fair dealing (Plaintiff's State Court Action Count III). Hacking, here, is not a peripheral issue that may or may not be decided in the State Court. Rather, it is one of multiple factual theories by which Plaintiff seeks to hold the State Court Defendants liable, and the parties fully expect that it

*will be* adjudicated in the State Court Action. *See* (Defs.' Ex. E, Pl.'s Am. State Court Compl. ¶¶ 91-96, 104-117, ECF Doc. No. 35-5). Thus, *Frydman* is inapposite.[4]

Moreover, the Court's reasoning is contrary to the authority which states that "[e]ven if different relief is sought in the two actions, or the claims are not exactly the same, they are parallel as long as the causes of action are comprised of the same essential issues[, and] [m]erely raising an alternative theory of recovery, which may still be raised in state court, is not enough to differentiate the federal suit from the state suit." *Frydman*, 172 F. Supp. 3d at 663–64 (quoting *Garcia v. Tamir*, No. 99cv0298 (LAP), 1999 WL 587902, at *3 (S.D.N.Y. Aug. 4, 1999)).

Defendants respectfully submit that upon reconsideration of this first issue, the Court should find that the State Court Action and 2nd Federal Action are indeed parallel.

Second, the Court appears to have overlooked certain facts and authorities (or at the very least was silent as to how it was addressing them), with respect to the dissimilarity of defendants in the State Court Action and 2nd Federal Action, and how to address that dissimilarity. Although the Court notes on page 12 of the Order that "the two actions do not have the same defendants," the Court only notes that "this action includes Monticciolo, Callahan, Lan, and BCM." The Court is silent as to the fact that the State Court Action has two (2) defendants that are <u>not</u> in the 2nd Federal Action—Brevet Capital Partners, LLC ("BCP") and Brevet Capital Holdings, LLC ("BCH"). *See* (Order, at 12). Furthermore, on page 17 of the Order, the Court adopts Plaintiff's suggestion that any problems arising from piecemeal litigation, including the risk of inconsistent or duplicative outcomes as between the State Court Action and 2nd Federal Action, can be resolved

---

4 Although the Court cannot consider new facts for the branch of this Motion requesting reargument, Defendants note that Plaintiff's State Court Action counsel seems to agree that the hacking allegations will be adjudicated in the State Court Action. *See* (Semprevivo Ex. B, Mr. Ehrlich's 5/23/19 email).

by giving preclusive effect to the first decided action. *See* (Order, at 17). This, however, is not correct.

Regardless of whether the State Court or Federal Court is the first to decide the issue of hacking and computer fraud, giving preclusive effect to the earlier adjudication will not work because of the aforementioned differences in parties. There are two (2) parties in the State Court Action that are not in the Federal Action (BCP and BCH), and there are four (4) parties in the Federal Action that are not in the State Court Action (BCM, Monticciolo, Callahan, and Lan). This is precisely the type of situation that the Second Circuit has instructed particularly warrants abstention. *See De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989); *see also First Keystone Consultants Inc. v. Schlesinger Elec. Contractors*, 862 F. Supp. 2d 170, 189 (E.D.N.Y. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)).

This problem was briefed in detail in Defendants' Memorandum of Law (ECF Doc. No. 36, at p. 15), and also in Defendants' Reply Memorandum of Law (ECF Doc. No. 45, at p. 2). The Court, however, did not address these arguments in the May 13 Order.

Third, Defendants respectfully submit that the Court did not perform an analysis of the vexatious and reactive nature of Plaintiff's filing of the 2nd Federal Action. *See* (Defs.' Mem. of Law, ECF Doc. No. 36, at pp. 19-20) (citing *Abe v. N.Y.U.*, No. 14-cv-9323 (RJS), 2016 WL 1275661, at *6, 10 (S.D.N.Y. Mar. 30, 2016); *Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 363 (2d Cir. 1985)). The Court addressed this issue in its May 9 Order that dismissed the 1st Federal Action, *see* (18-cv-7984, ECF Doc. No. 45 in that docket, at pp. 23-24), but any such analysis is absent in the Court's May 13 Order.

Fourth, Defendants respectfully submit that the Court did not perform an analysis of whether it would be appropriate to stay the 2nd Federal Action, in lieu of dismissal. *See* (Defs.' Mem. of Law, ECF Doc. No. 36, at pp. 20-21); (Defs.' Reply Mem. of Law, ECF Doc. No. 45, at p. 9). As the Court already notes in the May 13 Order, significant discovery and motion practice has been ongoing for over two years in the State Court Action, (Order, at pp. 17-19), and as the Court notes in the May 9 Order for the 1st Federal Action, the State Court judge "has grappled with ***difficult*** discovery issues relating to [the subject] computer and hard drives." (May 9 Order, 18-cv-7984, ECF Doc. No. 45 in that docket, at p. 23) (emphasis added). Furthermore, the Court acknowledges that "there is 'no serious question that the state action can adequately protect [Iacovacci's] procedural and substantive rights and provide a fair forum that will promptly resolve the parties' claims.'" (Order, at p. 19) (quoting *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 602 (S.D.N.Y. 2013)). It would certainly be wasteful of federal judicial resources to proceed with the 2nd Federal Action when the issues are already being addressed competently by the State Court. Under these circumstances, Defendants respectfully submit that, even if the Court should determine that dismissal is not warranted, the interests of the parties and this Court would be best served by staying the 2nd Federal Action, pending the adjudication of the State Court Action.

## CONCLUSION

In sum, Defendants respectfully request that the Court reconsider the May 13, 2019 Opinion & Order, and, upon reconsideration, abstain from exercising its jurisdiction and dismiss Plaintiff's 2nd Federal Action in its entirety.

Dated: New York, New York
May 28, 2019

BIEDERMANN HOENIG SEMPREVIVO,
A Professional Corporation

By: ______________________
Philip C. Semprevivo

One Grand Central Place
60 East 42nd Street, Suite 660
New York, New York 10165
Tel: (646) 218-7560
Fax: (646) 218-7510
Philip.Semprevivo@lawbhs.com
*Attorneys for Defendants Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, and Mark Callahan*

To: All counsel of record
(*via ECF*)