UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

PAUL IACOVACCI,

                 Plaintiff,

                 -against-

BREVET HOLDINGS, LLC, a Delaware
Limited Liability Company, *et al.*,

                 Defendant.

18cv8048

MEMORANDUM & ORDER

-----------------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Defendants Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, Mark Callahan, and Johnny Lan (collectively, "Brevet" or "Defendants") move for reconsideration and reargument of Senior District Judge John F. Keenan's May 13, 2019 Opinion & Order (the "May 13 Order") denying their motion to dismiss this action for lack of subject matter jurisdiction. On May 31, 2019, this action and the motion for reconsideration were randomly reassigned to this Court. For the following reasons, Brevet's motion for reconsideration and reargument is denied.

## BACKGROUND

        The background of this dispute is described in the May 13 Order. See Iacovacci v. Brevet Holdings, LLC, 2019 WL 2085989 (S.D.N.Y. May 13, 2019). Briefly, Paul Iacovacci is a former managing director and/or member of certain Brevet-related entities. On October 17, 2016, Iacovacci filed an action in New York Supreme Court (the "State Court Action"), asserting claims arising from his alleged unlawful termination. Discovery purportedly revealed that

Defendants unlawfully accessed a computer, hard drives, and an e-mail account used by Iacovacci.

On August 24, 2018, Iacovacci amended his State Court Action complaint to add additional Brevet-related defendants and a claim for fraud. And less than two weeks later, Iacovacci filed this federal action, alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a), and the Stored Communications Act, 18 U.S.C. § 2701. Iacovacci also asserts claims for conversion and trespass to chattels under New York common law in this action.

Defendants moved to dismiss, arguing that this action is parallel to the State Court Action and the district court should abstain from exercising jurisdiction under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). (See Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's 2nd Federal Complaint, ECF No. 36 ("Motion to Dismiss"), at 9–11.) On May 13, 2019, Judge Keenan denied the motion, finding that the actions were not parallel, and, even if they were, only two of the six Colorado River factors favored abstention. See Iacovacci, 2019 WL 2085989, at *4–7.

DISCUSSION

I. Legal Standard

As a threshold matter, Rules 59(e) and 60(b) are inapplicable to the May 13 Order. Rule 59 permits modification of a "judgment." See Fed. R. Civ. P. 59(e). In turn, Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The May 13 Order denying Defendants' motion to dismiss is not a judgment or an order from which an appeal lies, and therefore Rule 59(e) is inapplicable. See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 396–97 (S.D.N.Y. 2018) ("[T]he . . .

[o]rder denying [the] motions to dismiss is neither a judgment nor an order from which an appeal lies." (citations omitted)).  The same is true for Rule 60(b), which applies only to "final" judgments.  See In re Palermo, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011).

Accordingly, Local Rule 6.3(a) is Brevet's only avenue for reconsideration and reargument of the May 13 Order.  See In re Palermo, 2011 WL 446209, at *4.  A motion for reconsideration and reargument under Local Rule 6.3(a) "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York." Langsam v. Vallarta Gardens, 2009 WL 2252612, at *2 (S.D.N.Y. July 28, 2009) (citation omitted).  While the movant "cannot assert new arguments or claims which were not before the court on the original motion," Koehler v. Bank of Berm. Ltd., 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (emphasis removed) (citation omitted), the Second Circuit instructs that a movant may point to an "intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice," Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted).

A motion for reconsideration and reargument is not an opportunity to "relitigat[e] old issues, present[] the case under new theories, secur[e] a rehashing on the merits, or otherwise tak[e] a 'second bite' at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 145 (2d Cir. 1998) (citation omitted).  As such, "Local Rule 6.3 is to be narrowly construed and strictly

applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dietrich v. Bauer, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The decision to grant or deny the motion "is within the sound discretion of the trial court." McGraw-Hill Glob. Educ. Holdings, LLC, 293 F. Supp. 3d at 397.

II.  Merits

    A. Reconsideration

Defendants seek reconsideration because they contend that two developments postdating the May 13 Order ostensibly show that this action and the State Court Action are "parallel" under Colorado River. They are: (1) a fifth set of interrogatories served by Plaintiff in the State Court Action that "clearly relate" to Plaintiff's allegations of computer hacking, and (2) a May 9, 2019 order in the State Court Action directing defendants to provide additional discovery relating to the computer at issue in this case. (See Motion for Reconsideration, at 3–5.) Neither is enough to warrant reconsideration of the May 13 Order.

Defendants contend that these discovery issues concern Iacovacci's hacking allegations and highlight the factual overlap between this action and the State Court Action. But this argument is little more than a rehash of arguments considered and rejected by Judge Keenan in the May 13 Order. Indeed, Judge Keenan acknowledged certain factual similarities—including the hacking allegations—between the actions but found they were insufficient to deem the actions "parallel" under Colorado River. See Iacovacci, 2019 WL 2085989, at *5 (S.D.N.Y. May 13, 2019) (Plaintiff's "claims for fraud and breach of the implied covenant of good faith and fair dealing in state court do indeed touch on whether the state court defendants accessed [Plaintiff's] electronic devices without authorization."). And Defendants fail to articulate how discovery requests in the State Court Action related to alleged computer hacking should alter this

Court's analysis. As Judge Keenan noted, Defendants' motion to dismiss expressly argued that the State Court Action complaint is "replete with allegations that the State Court Defendants hacked into Plaintiff's computer." Iacovacci, 2019 WL 2085989, at *4. It is unsurprising that Iacovacci seeks discovery related to an issue that Defendants acknowledge is referenced in the State Court Action pleadings. In short, this Court does not see how these discovery issues in the State Court Action constitute "new evidence" requiring reconsideration.

    B. Reargument

Next, Brevet claims that Judge Keenan misapprehended or overlooked four arguments in the May 13 Order. None warrant reargument.

First, Defendants disagree with Judge Keenan's conclusion that the state court need not affirmatively resolve the hacking allegations in the State Court Action to reach a verdict on Plaintiff's claims of fraud and breach of the implied covenant of good faith and fair dealing. (See Motion for Reconsideration, at 6–7.) Yet Defendants themselves acknowledge that the hacking issue is "one of multiple factual theories by which Plaintiff seeks to hold the State Court Defendants liable." (Motion for Reconsideration, at 6.) (emphasis added). Defendants' assertion that they "fully expect" the hacking issue will be resolved in the State Court Action is speculative and does not undermine Judge Keenan's conclusion. (See Motion for Reconsideration, at 6–7.) In that regard, Defendants claim that Judge Keenan misinterpreted Frydman v. Verschleiser, 172 F. Supp. 3d 653 (S.D.N.Y. 2016). But Defendants merely offer their own view of the decision, contending that hacking was only a "peripheral issue" in Frydman. (See Motion for Reconsideration, at 6). Defendants' disagreement with Judge Keenan as to the scope of the hacking issue is insufficient to satisfy Local Rule 6.3. See Hayles v. Advanced Travel Mgmt. Corp., 2004 WL 117597, at *2 (S.D.N.Y. Jan. 26, 2004) (denying

motion for reconsideration where "[p]laintiff assert[ed] that the Court wrongly applied the facts of the case to the prevailing legal standard"). Indeed, Defendants offer no controlling authority—or any authority, for that matter—that Judge Keenan overlooked or misapplied in reaching his determination about resolution of the hacking allegations. See Hayles, 2004 WL 117597, at *2.

Second, Defendants maintain that the May 13 Order did not take into account how differences in the parties named in the State Court Action and this action could lead to piecemeal litigation. (See Motion for Reconsideration, at 7–8.) But Judge Keenan noted that the specter of piecemeal litigation is one of the six Colorado River factors—an analysis that is appropriate only on a showing that the actions are parallel. See Dittmer v. Cty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). Because reconsideration of Judge Keenan's finding that the actions are not parallel is unwarranted, Defendants' argument is moot. Nevertheless, the May 13 Order addressed the possibility of piecemeal litigation and concluded that this factor weighed—albeit slightly—in favor of abstention. See Iacovacci, 2019 WL 2085989, at *6. Defendants' reliance on De Cisneros v. Younger, 871 F.2d 305 (2d Cir. 1989), and First Keystone Consultants Inc. v. Schlesinger Elec. Contractors, Inc., 862 F. Supp. 2d 170 (E.D.N.Y. 2012), is misplaced. In De Cisneros, the Second Circuit affirmed the district court's decision to abstain from exercising jurisdiction because "the risk of piecemeal litigation and the fact that only negligence issues governed entirely by state law are raised[] strongly favor[ed] abstention." 871 F.2d at 309. By contrast, Judge Keenan explained that the presence of federal statutory claims "weighs strongly against surrendering jurisdiction." Iacovacci, 2019 WL 2085989, at *7. Similarly, First Keystone is not binding on this Court. There, four of the six Colorado River factors favored

abstention. 862 F. Supp. 2d at 195. Here, Judge Keenan concluded correctly that only two factors favored abstention. Iacovacci, 2019 WL 2085989, at *7.

Third, Defendants contend that Judge Keenan overlooked whether Plaintiff's filing of this action was "vexatious and reactive." (See Motion for Reconsideration, at 8.) While the Supreme Court has indicated there is "considerable merit" to the idea that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River," it has done so only in dicta. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n.20 (1983) ("We need not rely on such reasoning here . . . ."). Moreover, Iacovacci correctly observes that the Second Circuit has "never formally cited this factor in its enumeration of the relevant considerations under Colorado River." Linens of Europe, Inc. v. Best Mfg., Inc., 2004 WL 2071689, at *5 n.5 (S.D.N.Y. Sept. 16, 2004). Reargument for the purpose of considering this factor is therefore inappropriate.

Lastly, Defendants claim that Judge Keenan failed to consider whether to stay this action in lieu of dismissal. (Motion for Reconsideration, at 9.) The Second Circuit, however, has held that "[t]here is no difference between a stay and a dismissal for purposes of the Colorado River doctrine." Burnett v. Physician's Online, Inc., 99 F.3d 72, 77 (2d Cir. 1996) (citations omitted); see also Vill. of Westfield v. Welch's, 170 F.3d 116, 120–25 (2d Cir. 1999) (analyzing motion to stay proceedings using Colorado River framework). Defendants concede that motions to stay are assessed under the same Colorado River framework as motions to dismiss on abstention grounds but insist that the showing required for a stay is less robust. Defendants' only support for this proposition is a citation to Glenclova Investment Co. v. Trans-Resources, Inc., 874 F. Supp. 2d 292 (S.D.N.Y. 2012)—a highly anomalous and non-controlling case aptly described by the deciding court (also Judge Keenan) as a "jurisdictional train wreck."

874 F. Supp. 2d at 300.  Here, Judge Keenan conducted a thorough Colorado River analysis and concluded abstention was improper.  This Court sees no reason to displace that conclusion or to grant a stay of this action.

## CONCLUSION

For the foregoing reasons, Brevet's motion for reconsideration and reargument of the May 13 Order is denied.  The stay of this action is lifted.  Defendants are directed to interpose an answer by July 23, 2019.  Discovery may proceed forthwith.  The parties are directed to confer and submit a proposed pretrial schedule for this Court's consideration by July 30, 2019.

Dated: July 9, 2019
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.