UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PAUL IACOVACCI,

                    Plaintiff,

    -against-

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company*, BREVET CAPITAL MANAGEMENT, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION PARTNERS, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION HOLDINGS, LLC, *a Delaware Limited Liability Company*, DOUGLAS MONTICCIOLO, *as a Member and the Majority Owner of Brevet Holdings, LLC, Chief Investment Officer of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, MARK CALLAHAN, *as President of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, JOHNNY LAN, *as Vice President and Head of Technology of Brevet Capital Management, LLC and Individually*, and JOHN AND JANE DOES 1 THROUGH 100,

                    Defendants.

Civil Case No.: 1:18-cv-08048-WHP

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT JOHNNY LAN**

---

Defendant Johnny Lan ("Defendant" or "Lan"), by his undersigned attorneys, for himself and no other party, hereby responds to the Complaint in the above-captioned action, filed by plaintiff Paul Iacovacci ("Plaintiff" or "Iacovacci"), as follows:

Defendant denies each and every allegation contained in the Complaint, except as hereinafter specifically admitted. To the extent that the heading, or any other non-numbered statements in the Complaint contain any allegations, Defendant denies each and every allegation therein.

The numbered paragraphs 1-112 below correspond to the numbered paragraphs of the

Complaint.

## NATURE OF THE CASE

1. To the extent that the allegations of paragraph 1 of the Complaint refer to Defendant Lan, Defendant denies the allegations contained in paragraph 1 of the Complaint as stated.

2. To the extent that the allegations of paragraph 2 of the Complaint refer to Defendant Lan, Defendant denies the allegations contained in paragraph 2 of the Complaint as stated.

3. To the extent the allegations of paragraph 3 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 3 of the Complaint as stated.

4. To the extent the allegations of paragraph 4 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 4 of the Complaint as stated.

5. To the extent the allegations of paragraph 5 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states a legal conclusion for which no response is required. To the extent a further response is required, Defendant Lan denies that Plaintiff has any legal grounds to proceed herein with any of the claims asserted in Plaintiff's Complaint against Defendant Lan.

7. Paragraph 7 of the Complaint state a legal conclusion for which no response is required. To the extent a further response is required, Defendant denies the acts complained of as to Defendant Lan.

## PARTIES

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. Paragraph 9 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, upon information and belief, Defendant admits the allegations of paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, upon information and belief, Defendant admits the allegations of paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, upon information and belief, Defendant admits the allegations of paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, upon information and belief, Defendant admits the allegations of paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, upon information and belief, Defendant admits the allegations of paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint does not require a response from Defendant Lan. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 of the Complaint, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 of the Complaint, and therefore denies same.

21. Defendant admits the allegations of paragraph 21 of the Complaint, except denies that he "oversaw" Brevet's information technology and computer usage in that such term is overly vague, and further states that he is no longer an employee of BCM or any Brevet entity.

22. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint.

## MATERIAL FACTS IN SUPPORT OF ALL CLAIMS

### A. Iacovacci's LogMeIn Account, External Hard Drives, and Computer Were Purchased for His Personal Use

23. Defendant denies the allegations of paragraph 23 of the Complaint, and states that Brevet purchased a Dell desktop computer (the "Computer") for Iacovacci to use for Brevet-related business purposes while he was out of the office, and further states that Brevet owned the Computer.

24. Defendant denies the allegations of paragraph 24 of the Complaint as stated, except admits that in or around February 2015, Lan configured and tested the Computer so Iacovacci could use it for Brevet-related business purposes.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Complaint, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 of the Complaint, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 of the Complaint, and therefore denies same, and states that the Computer was intended to be used for Brevet-related business purposes.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28 of the Complaint, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Complaint, and therefore denies same.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 of the Complaint, and therefore denies same, except admits that, upon information and belief, LogMeIn is a commercially available encrypted remote access service and, on several occasions, Defendant Lan assisted Iacovacci to access the Computer using the LogMeIn program.

31. Defendant admits the allegations of paragraph 31 of the Complaint, except states that Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the Computer was the sole host computer to which access was available through a LogMeIn account used by Iacovacci and Defendant denies that Defendants never had use of the LogMeIn username and password used by Iacovacci unless authorized by Iacovacci, and Defendant further states that the Computer was owned by Brevet and Defendants were authorized to access the Computer at all times.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 of the Complaint, and therefore denies same.

34. Defendant denies the allegations of paragraph 34 of the Complaint, except admits that on several occasions, at Iacovacci's request, Defendant Lan logged into the Computer through a LogMeIn account used by Iacovacci to assist Iacovacci with technical issues Iacovacci had with the Computer and that on one or more occasions, Iacovacci shared his LogMeIn username and password with Lan.

35. Defendant denies the allegations of paragraph 35 of the Complaint, except states that Brevet owned the Computer and had full authorization to access it at all times, admits that Defendant Lan advised Iacovacci to be proactive in changing his LogMeIn password so that the account would be safe from unauthorized access, and denies knowledge or information sufficient to form a belief as to whether Iacovacci heeded those instructions or whether Iacovacci provided anyone at the Company other than Lan with his LogMeIn username and password.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore denies same, except states that Iacovacci provided his LogMeIn password to Defendant Lan on several occasions and, upon information and belief, his LogMeIn password contained one or more of his children's names.

37. Defendant denies the allegations of paragraph 37 of the Complaint as stated.

38. Defendant denies the allegations of paragraph 38 of the Complaint as stated, except admits only that at a certain point, Iacovacci was granted non-exclusive administrative rights to the Computer at his repeated request.

39. Defendant denies the allegations of paragraph 39 of the Complaint as stated, except states that, at the relevant time, no Brevet computers bore markings or insignia indicating that the devices were Brevet property, further states that a virtual private network connection was installed only on some of the computers that Brevet purchased for the use of the Brevet founders outside the office, and Defendant denies knowledge or information as to whether a virtual private network connection between the Computer and Brevet's server was installed on the Computer or whether the Computer and External Hard Drives were connected to Brevet's office servers or whether they appeared on Brevet's network.

40. Defendant denies the allegations of paragraph 40 of the Complaint as stated.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and therefore denies same, and denies that Defendant was aware that the Computer was used primarily for personal purposes.

42. Defendant admits the allegations of paragraph 42 of the Complaint, except denies that Defendant Lan knew that Iacovacci's family had installed non-Brevet software on the Computer and denies that Iacovacci did not receive approval to install non-Brevet software on the Computer, and further states that, at the relevant time, Iacovacci held a superior position to Defendant Lan at Brevet and complained to Defendant Lan to grant Iacovacci administrative rights to the Computer and, as a subordinate employee, Defendant Lan acceded to Iacovacci's demand to be granted administrative rights to the Computer.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and therefore denies same, and further denies that Defendant Lan engaged in any unauthorized or unlawful conduct.

**B.     After Suffering Serious Medical Issues, Iacovacci Sought to Retire from Brevet, but Was Instead Terminated Without Cause**

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore denies same.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and therefore denies same.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, and therefore denies same.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint, and therefore denies same.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint, and therefore denies same.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, and therefore denies same.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and therefore denies same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore denies same.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, and therefore denies same.

**C.     Defendants Hacked into Iacovacci's LogMeIn Account, External Hard Drives, and Computer in Order to Unlawfully Obtain and Access Data and Information**

53.     Defendant denies the allegations of paragraph 53 of the Complaint as stated, and affirmatively states that Brevet purchased, owned and configured the Computer for Iacovacci's

work use while at home, and Defendant denies that he engaged in any unlawful or unauthorized conduct.

54. Defendant admits the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint as stated, and affirmatively states that Brevet purchased, owned and configured the Computer for Iacovacci's work use while at home, and Defendant denies that he engaged in any unlawful or unauthorized conduct.

56. Defendant denies the allegations of paragraph 56 of the Complaint as stated, and affirmatively states that Brevet purchased, owned and configured the Computer for Iacovacci's work use while at home, and Defendant denies that he engaged in any unlawful or unauthorized conduct.

57. To the extent the allegations of paragraph 57 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 57 of the Complaint and denies that he engaged in any unlawful or unauthorized conduct.

**D.   Defendants Accessed "Hundreds" of Iacovacci's Personal Files, Including Personal E-Mail Communications, and Improperly Used the Materials as the Basis for Counterclaims and Discovery Requests in the State Court Action**

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint, and therefore denies same, except that Defendant Lan expressly denies that he engaged in any unlawful or unauthorized conduct.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint, and therefore denies same.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint, and therefore denies same.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and therefore denies same.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint, and therefore denies same, except that Defendant Lan expressly denies that he engaged in any unlawful or unauthorized conduct.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint, and therefore denies same.

64. To the extent that the allegations of paragraph 64 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 64 of the Complaint and further expressly denies that Defendant Lan engaged in any unlawful or unauthorized conduct, but states that any actions undertaken by Defendant Lan relating to the allegations in the Complaint were undertaking while Defendant Lan was acting within the scope of his employment at Brevet and at the express direction of his employer and superiors at Brevet.

E. **After Learning of Defendants' Unlawful Hacking, Iacovacci Retained Forensic Investigators Who Uncovered a Series of Intrusions, Thefts of Data, and the Potential Destruction of Files on the External Hard Drives**

65. Defendant denies that he engaged in any unlawful or unauthorized conduct and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint, and therefore denies same.

66. Defendant denies that he engaged in any unlawful or unauthorized conduct and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint, and therefore denies same.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint, and therefore denies same, except

affirmatively states that on or about April 19, 2016, at Iacovacci's specific request, Defendant Lan installed file deletion software on the Computer, but further affirmatively states that Defendant Lan did not delete any files from the Computer.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, and therefore denies same.

69. Defendant denies that he engaged in any unlawful or unauthorized conduct, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore denies same.

## CAUSES OF ACTION

### COUNT I
*Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), with regard to Iacovacci's Personal Computer*

70. Defendant repeats his responses to paragraphs 1-69 of the Complaint as if fully set forth herein.

71. The allegations in paragraph 71 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint, and therefore denies same.

72. The allegations in paragraph 72 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint, and therefore denies same.

73. To the extent that the allegations of paragraph 73 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 73 of the Complaint.

74. To the extent that the allegations of paragraph 74 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 74 of the Complaint.

75. The allegations in paragraph 75 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required and to the extent that the allegations of paragraph 75 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 75 of the Complaint.

## COUNT II
*Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), with regard to Iacovacci's External Hard Drives*

76. Defendant repeats his responses to paragraphs 1-75 of the Complaint as if fully set forth herein.

77. The allegations in paragraph 77 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint, and therefore denies same.

78. The allegations in paragraph 78 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint, and therefore denies same.

79. The allegations in paragraph 79 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint, and therefore denies same.

80. To the extent that the allegations of paragraph 80 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 80 of the Complaint.

81. To the extent that the allegations of paragraph 81 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 81 of the Complaint.

82. The allegations in paragraph 82 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, and to the extent that the allegations of paragraph 82 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 82 of the Complaint.

## **COUNT III**
*Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(c)*

83. Defendant repeats his responses to paragraphs 1-82 of the Complaint as if fully set forth herein.

84. The allegations in paragraph 84 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint, and therefore denies same.

85. The allegations in paragraph 85 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint, and therefore denies same.

86. The allegations in paragraph 86 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint, and therefore denies same.

87. To the extent that the allegations of paragraph 87 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 87 of the Complaint.

88. To the extent that the allegations of paragraph 88 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 88 of the Complaint.

89. The allegations in paragraph 89 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required and to the extent that the allegations of paragraph 89 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 89 of the Complaint.

## COUNT IV
*Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a)*

90. Defendant repeats his responses to paragraphs 1-89 of the Complaint as if fully set forth herein.

91. The allegations in paragraph 91 of the Complaint set forth legal conclusions for which no response is required.

92. To the extent that the allegations of paragraph 92 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 92 of the Complaint.

93. The allegations in paragraph 93 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required and to the extent that the allegations of paragraph 93 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 93 of the Complaint.

## COUNT V
*Violation of the Stored Communications Act, 18 U.S.C. § 2701*

94. Defendant repeats his responses to paragraphs 1-93 of the Complaint as if fully set forth herein.

95. To the extent that the allegations of paragraph 95 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 95 of the Complaint.

96. The allegations in paragraph 96 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required and to the extent that the allegations of paragraph 96 of the Complaint refer to Defendant Lan, Defendant denies the allegations of paragraph 96 of the Complaint.

## COUNT VI
*New York State Common Law Claim of Conversion*

97. Defendant repeats his responses to paragraphs 1-96 of the Complaint as if fully set forth herein.

98. Defendant denies that Iacovacci maintained a possessory interest in the Computer and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 98 of the Complaint, and therefore denies same.

99. To the extent that the allegations of paragraph 99 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 99 of the Complaint as stated.

100. To the extent that the allegations of paragraph 100 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 100 of the Complaint as stated.

101. To the extent that the allegations of paragraph 101 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 101 of the Complaint as stated.

102. To the extent that the allegations of paragraph 102 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 102 of the Complaint.

103. To the extent that the allegations of paragraph 103 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 103 of the Complaint.

104. The allegations in paragraph 104 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 104 of the Complaint.

## COUNT VII
*New York State Common Law Claim of Trespass to Chattels*

105. Defendant repeats his responses to paragraphs 1-104 of the Complaint as if fully set forth herein.

106. Defendant denies that Iacovacci maintained a possessory interest in the Computer and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 106 of the Complaint, and therefore denies same.

107. To the extent that the allegations of paragraph 107 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 107 of the Complaint as stated.

108. To the extent that the allegations of paragraph 108 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 108 of the Complaint as stated.

109. To the extent that the allegations of paragraph 109 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 109 of the Complaint as stated.

110. To the extent that the allegations of paragraph 110 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 110 of the Complaint.

111. To the extent that the allegations of paragraph 111 of the Complaint refers to Defendant Lan, Defendant denies the allegations of paragraph 111 of the Complaint.

112. The allegations in paragraph 112 of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 112 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any actions undertaken by Defendant Lan were taken upon assurances that legal counsel for Brevet had advised that such actions were lawful and authorized. At all times relevant hereto, Defendant Lan was acting at the direction of his employer, Brevet, and with the understanding that those directions had been approved by legal counsel for Brevet.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiff's claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that he breached his contractual and fiduciary obligations to Brevet and its principals.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by the actions of others over whom answering Defendant neither had nor has direction or control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's damages were caused in whole or in part by the culpable conduct of the Plaintiff, which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the Plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to act in good faith in commencing and prosecuting this action bars him from enforcing any rights he may otherwise have.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Plaintiff's alleged damages were the result of unforeseeable, intervening and/or superseding causes.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by Plaintiff's breach of his duty of good faith and fair dealing.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff were not the proximate or foreseeable result of acts or omissions of Defendant.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Verified Complaint is barred, either in whole or in part, by the doctrine of estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or filing periods and/or by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by prior compromise and settlement or accord and satisfaction.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate damages and may not recover damages that could have been avoided.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *Res Judicata*.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or legally cognizable injury.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Brevet has complied with all applicable regulations of the federal and state governments.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the purported causes of action alleged therein suggest that Plaintiff consented to the alleged injuries.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the purported causes of action alleged therein suggest an assumption of risk as to Plaintiff's alleged injuries through his own negligence.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Lan is immune from liability as the allegations contained in Plaintiff's Complaint arise out of Brevet's legal obligation to monitor and survey certain e-mail communications/correspondence.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the purported causes of action alleged therein suggest an assumption of risk as to Plaintiff's alleged injuries through his own negligence.

## ADDITIONAL DEFENSES

Defendant Lan has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and reply on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or appear during the proceedings in this action. Defendant Lan reserves the right to supplement or amend his Answer and/or affirmative defenses accordingly and assert any such defense.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

**WHEREFORE**, Defendant Johnny Lan demands judgment in his favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice as against Defendant Johnny Lan, and granting Defendant Johnny Lan attorneys' fees, costs, expenses, and disbursements incurred in connection with defense of the underlying action on behalf of Defendant, together with such other, further and different relief as the Court deems equitable and just.

Dated: New York, New York
July 23, 2019

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119
T: (212) 613-2000
F: (212) 554-9639
elarkin@gibbonslaw.com
dweinberger@gibbonslaw.com

By:   s/ Edward W. Larkin
        Edward W. Larkin
        Daniel S. Weinberger

*Attorneys for Defendant Johnny Lan*

To:   All counsel of record (*via ECF*)