# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 12, 2019

Via ECF

Honorable William H. Pauley III,
   United States District Court,
      Southern District of New York,
         500 Pearl Street, Room 1920,
           New York, New York 10007-1312.

      Re:   *Iacovacci* v. *Brevet Holdings, LLC, et al.*,
            No. 18-cv-8048 (S.D.N.Y.)

Dear Judge Pauley:

      I write on behalf of Defendants/Counterclaim-Plaintiffs in response to Plaintiff's December 6, 2019 letter to the Court (Dkt. 123, "Pl. Ltr."), which purports to "clarify" that the New York State Supreme Court ("State Court") has jurisdiction to hear Defendants' counterclaims brought under the federal Defend Trade Secrets Act ("DTSA").

      Although Plaintiff asserts that commentary and "relevant" case law "make clear" that DTSA does not grant federal courts exclusive jurisdiction over DTSA claims (Pl. Ltr. at 1), Plaintiff studiously fails to mention a range of authorities that have found that DTSA's grant of original jurisdiction to federal courts *is* exclusive. *See, e.g.*, *Lamont* v. *Conner*, 2019 WL 1369928, at *7 (N.D. Cal. Mar. 26, 2019) (noting that DTSA "builds upon the Espionage Act of 1996 and provides exclusive original jurisdiction to the District Courts"); Senate Judiciary Committee Report, 2015 FD S.B. 1890 (NS) (noting § 1836(c) "provides that district courts of the United States shall have original jurisdiction of civil actions brought under the section" and that "[t]his is identical to . . . subsection (b)" under the Espionage Act (which provided for exclusive jurisdiction)); Charles R. Macedo, Practical Law Commercial Transactions, *General Contract Clauses: Confidentiality Agreement Clauses After the Defend Trade Secrets Act*, Thomson Reuters, w-002-9194 ("The DTSA provides US district courts with exclusive original jurisdictions of DTSA civil actions."). At a minimum, there is disagreement whether the State Court has jurisdiction to hear Defendants' DTSA counterclaims.

      In any event, Plaintiff also fails to recognize that Defendant Counterclaim-Plaintiff Brevet Capital Management, LLC ("BCM"), which asserts a counterclaim under DTSA before this Court, is not a party to the State Court action. Nor has Plaintiff sought

Honorable William H. Pauley III                                                                                                       -2-

to join BCM to the State Court action in his recent motion to amend.  Thus, even assuming *arguendo* that the State Court has jurisdiction to hear DTSA claims, BCM plainly should not be required to assert its *federal* counterclaim in a *state* court it is not even presently before.  Rather, BCM is entitled to raise its DTSA counterclaim in the federal court into which Plaintiff has purposefully haled it.

                                                  Sincerely,

                                                  /s/ Matthew A. Schwartz

                                                  Matthew A. Schwartz

cc:       All Counsel of Record (via ECF)