UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

               Plaintiff,

v.

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company, et al.*,

               Defendants.

No. 18 Civ. 8048 (WHP)

~~[PROPOSED]~~ AMENDED STIPULATED CONFIDENTIALITY ORDER

      The Parties believe that in the course of this action certain documents, information, testimony, or other material may be disclosed and produced through discovery that one or more Parties or Disclosing Third Parties believe may constitute Protected Information, as defined below. The Parties and their counsel agree and acknowledge that this Confidentiality Order is intended to facilitate the production of discovery in this matter, and to protect such discovery that is agreed to or established as CONFIDENTIAL under the terms of this Order. Accordingly, through their respective counsel of record, the Parties hereby submit this Amended Stipulated Confidentiality Order (the "Confidentiality Order") for the Court to so order.

      WHEREAS, for good cause shown, IT IS HEREBY ORDERED THAT:

      1.    This Confidentiality Order governs the handling of any document, information, testimony, or other material exchanged by the Parties or Disclosing Third Parties through discovery or any other method authorized or permitted by the Federal Rules of Civil Procedure, in connection with all phases of the above-captioned action (the "Litigation") leading up to trial.

      2.    This Confidentiality Order does not apply to hearings or trial before this Court. The Parties agree that they will, in advance of a hearing or a trial, negotiate in good faith with each other and any relevant Disclosing Third Parties concerning an appropriate procedure to propose to

the Court for the treatment of confidential information at a hearing and/or trial. In the event that the Parties and any relevant Disclosing Third Parties cannot agree to such a procedure to propose to the Court, each Party or relevant Disclosing Third Party shall be free to apply to the Court for the entry of an order concerning the treatment of its confidential information at a hearing and/or trial.

3. As used herein:

a) "Disclosing Party" shall mean any Party or Disclosing Third Party producing documents, information, or material or providing deposition testimony in connection with discovery or otherwise in this action.

b) "Receiving Party" shall mean any Party receiving documents, information, testimony, or material in connection with discovery or otherwise in this action.

c) "Party" shall mean Plaintiff/Counterclaim-Defendant Paul Iacovacci or Defendants/Counterclaim-Plaintiffs Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, and Mark Callahan, and Defendant Johnny Lan.

d) "Disclosing Third Party" shall mean any individual or entity not a Party producing documents, information, or material or providing deposition testimony in connection with discovery or otherwise in this action.

e) The term "document" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device or service, including, but not limited to, metadata and all data in native

format, which shall be produced in that manner.

4. A Disclosing Party producing documents, information, or material or providing deposition testimony that the Disclosing Party in good faith believes contains sensitive, non-public personal information, trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Disclosing Party designating the material as confidential, be detrimental to the conduct of that Disclosing Party's business or the business of any of that Disclosing Party's customers or clients ("Protected Information") may designate the document, information, testimony, or material as CONFIDENTIAL, provided, however, that such designation is of no evidentiary or legal significance at a hearing or trial of this matter as to whether the designated record is, in fact, Protected Information. Furthermore, the Parties acknowledge that this Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

5. The designation of documents, testimony, information, or material for purposes of this Confidentiality Order shall be made in the following manner:

a. In the case of documents, interrogatory responses, responses to requests for admission, or other material (apart from depositions): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL"): (i) on each page of any document containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents that contain CONFIDENTIAL material, at the time such documents are produced or such information is disclosed, or as soon thereafter as the Disclosing Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected

hereunder. The Disclosing Party should only mark as CONFIDENTIAL those records or electronic data or files that contain CONFIDENTIAL material. For example, if the Disclosing Party is producing a hard drive that contains both CONFIDENTIAL files and files that are not CONFIDENTIAL, the Disclosing Party should specifically indicate to the Receiving Party which files on that hard drive are CONFIDENTIAL.

      b.      In the case of deposition testimony: (i) by a statement on the record, by counsel, during any deposition that all or any portion of the transcript shall be designated CONFIDENTIAL hereunder; or (ii) no later than thirty (30) business days after receipt of the final transcript of a deposition from a court reporter or Party to this case by sending written notice of such designation to counsel for the Parties (unless such designation is made on the record at the deposition). Whether or not so designated on the record at deposition, the Parties shall treat all deposition testimony as CONFIDENTIAL under this Confidentiality Order until the expiration of thirty (30) days after the receipt of the final transcript of the deposition. The Parties and any relevant Disclosing Third Party may modify this procedure for any particular deposition by agreement on the record at such deposition or otherwise by written stipulation, without approval of the Court.

6.      Unless otherwise ordered by this Court or agreed to by the Disclosing Party in writing, the Receiving Party, counsel for the Receiving Party, and any third party entitled pursuant to Paragraph 7 to receive any documents, information, testimony, or material designated CONFIDENTIAL shall not use or disclose such documents, information, testimony, or material for any purpose other than litigating (1) the Litigation or (2) the action entitled *Paul Iacovacci v. Brevet Holdings, LLC, et al.*, Index No. 158735/2016 (N.Y. Sup. Ct.). The recipient of any material designated as CONFIDENTIAL under this Confidentiality Order shall use best efforts

under the circumstances to maintain the confidentiality of such material. If no designation has been timely made the Parties and their counsel agree that such data shall be deemed not CONFIDENTIAL.

7. Unless otherwise ordered by this Court or agreed to by the Disclosing Party in writing, the Receiving Party and counsel for the Receiving Party of documents, information, testimony, or material designated CONFIDENTIAL shall not disclose or permit the disclosure of any such specifically designated documents, information, testimony, or material to any other person or entity, except that disclosures of documents, information, testimony, or material designated as CONFIDENTIAL may be made in the following circumstances:

    a. Disclosures may be made to the Parties and their counsel – including in-house counsel who have direct functional responsibility for the Litigation – and to personnel who are under the supervision or control of counsel, including but not limited to lawyers, paralegals, litigation assistants, clerical staff, technical staff, and vendors.

    b. Disclosure may be made to a document's author, its addressee, and/or any other person indicated on the face of the document to have authored or been authorized to receive a copy of that version of the document.

    c. Disclosure may be made to an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer who are under the officer's supervision or control. Prior to disclosure to any such persons, such person must be furnished with a copy of this Confidentiality Order and execute a protective agreement in the form attached as Exhibit A to this Confidentiality Order.

    d. Disclosure may be made to witnesses at depositions in this Litigation or to potential witnesses interviewed or consulted by counsel for any Party. Prior to disclosure to any

such persons, such person must be furnished with a copy of this Confidentiality Order and execute a protective agreement in the form attached as Exhibit A to this Confidentiality Order.

      e.    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed, retained, or consulted by the Parties or counsel for the Parties to assist in the preparation and trial of the Litigation, and clerical, administrative, or support staff (including staff such as research assistants and analysts) of such experts. Prior to disclosure to any expert, or any clerical, administrative, or support staff of such experts, the expert and/or staff must be furnished with a copy of this Confidentiality Order and execute a protective agreement in the form attached as Exhibit A to this Confidentiality Order.

      f.    Disclosure may be made to any other person upon the written agreement of the Disclosing Party (which written agreement may be recorded on a deposition or other transcript).

      g.    Disclosure may be made to the Court and Court personnel.

      h.    Disclosure may be made by a Receiving Party to the other Parties of material that it received from a Disclosing Third Party.

8. The Parties shall comply with the Court's Individual Practices regarding sealed filings. Should the need arise for any of the Parties to disclose any documents, information, testimony, or material designated as CONFIDENTIAL in any filing with the Court, the Party intending to file such CONFIDENTIAL material must: (a) request leave to file the material designated as CONFIDENTIAL under seal in accordance with the Court's Individual Practices; or (b) provide the Disclosing Party with five (5) calendar days' written notice of the intent to file the material designated as CONFIDENTIAL so that the Disclosing Party may file a request for sealing. Any Party opposing sealing may then state any objection thereto.

9. Nothing herein shall impose any restrictions on the use or disclosure by a Party or third party of its own CONFIDENTIAL documents, information, testimony, or material.

10. If a Disclosing Party, through inadvertence, produces or provides discovery of any confidential documents, information, or material without labeling or marking it with the appropriate confidentiality legend as provided in this Confidentiality Order, the Disclosing Party may give written notice to the Receiving Party that the document, information, or material produced contains CONFIDENTIAL information and should be treated as such in accordance with the provisions of this Confidentiality Order. Upon receipt of such notice, and upon receipt of properly marked documents, information, or material, the Receiving Party shall return said unmarked documents, information, or material and not retain copies thereof, and must treat such documents, information, or material as containing CONFIDENTIAL information subject to this Confidentiality Order. Disclosure by a Receiving Party of such documents, information, or material to an individual or entity not listed in Paragraph 7, prior to receipt of such notice that such individual or entity was not authorized to receive such documents, information, or material, shall not be deemed a violation of this Confidentiality Order.

11. The inadvertent or unintentional disclosure of any document, information, testimony, or other material that contains information that may be protected from discovery under the attorney-client or other privilege or as work product shall not be used by any Party to argue that the Disclosing Party has waived any privilege or other protection from discovery and shall be without prejudice to any claim that such document, information, testimony, or material is protected from discovery under the attorney-client or other privilege or as work product, or that such document, information, testimony, or material is irrelevant to any claims or defenses raised in the Litigation, and no Disclosing Party shall be held to have waived any rights by such disclosure.

Upon written request by the Disclosing Party, the Receiving Party shall immediately (a) return the original and all copies of any such document, information, testimony, or material and (b) shall not use any such document, information, testimony, or material for any purpose absent further order of the Court. The aforesaid clawback rights remain in full force and effect at all times even if not separately asserted in any given circumstances.

12. A Receiving Party may, at any time, notify the Disclosing Party that the Receiving Party does not concur in the designation of a document, information, testimony, or other material as CONFIDENTIAL. In such instance, the Disclosing Party and Receiving Party shall then meet and confer on the issue. If the Disclosing Party and Receiving Party are unable to resolve the dispute(s), and the Disclosing Party does not agree to de-designate such document, information, testimony, or material, the Disclosing Party may seek a protective order from the Court, or alternatively, the Receiving Party may seek permission from the Court to move for an order de-designating such document, information, testimony, or material. Such documents, information, testimony, or material shall continue to be treated as initially designated by the Disclosing Party until the Court rules otherwise. The burden of demonstrating that documents, information, testimony, or material has been properly designated under this Confidentiality Order is on the Disclosing Party.

13. This Confidentiality Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Confidentiality Order or other duty of confidentiality; (b) a Receiving Party can demonstrate was already known to that Receiving Party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a Receiving Party can demonstrate was developed by that Receiving Party independently of any disclosure by the Disclosing Party.

14. In the event that any individual or entity subject to this Confidentiality Order receives a subpoena, discovery request outside of this Litigation, or other process or order (each, a "Request") seeking the production of CONFIDENTIAL documents, information, or material belonging to a Disclosing Party other than the individual or entity receiving the Request, the recipient of the Request (the "Requested Party") shall promptly (unless prohibited by law or court order): (a) advise the person issuing the Request that the material requested is subject to this Confidentiality Order; and (b) notify counsel for the Disclosing Party in writing of such Request within three (3) business days of receiving the Request and furnish the Disclosing Party with copies of the Request and any other document served in connection therewith. The Disclosing Party shall have at least seven (7) business days from receiving a copy of the Request to file a motion to quash or otherwise object to the Request. If production of documents, information, or material is required prior to the expiration of this seven-day period, the Requested Party shall move for a protective order (or other like relief) on the grounds that the requested material has been designated as CONFIDENTIAL pursuant to this Confidentiality Order. Notwithstanding the foregoing, the procedure set forth in this paragraph shall not apply to circumstances where an individual or entity receives a subpoena from a regulatory agency.

15. Nothing in this Confidentiality Order shall be construed: (a) as an admission or acknowledgement by any Party that any particular document, information, testimony, or material designated under this Confidentiality Order contains or reflects Protected Information; (b) as expanding the scope of permissible discovery; (c) as a waiver by any Party or third party of its right to object to discovery requests; (d) as relieving any Party requesting discovery from making a showing as required by applicable law that the documents or information sought is discoverable, or confidential; (e) as affecting or inhibiting the right of any Party to seek to admit into evidence

at any hearing and/or trial any document designated CONFIDENTIAL or to object to the authenticity or admissibility into evidence of any such document, information, testimony, material, or other evidence that is subject to this Confidentiality Order; (f) as a waiver of the rights of any Party or third party to petition the Court for a further protective order relating to any purportedly confidential information, or waiver of any privilege or work product immunity; (g) as a waiver of the rights of any Party or third party to comment on this Litigation, so long as such comment does not reveal any information in violation of the Confidentiality Order; or (h) as a waiver of the rights of any Party or third party to seek relief from or modification of this Confidentiality Order.

16. This Confidentiality Order shall continue to be binding after the conclusion of this Litigation except that a Receiving Party may seek the written permission of the Disclosing Party or further order of the Court with respect to the dissolution or modification of this Confidentiality Order. Absent prior written consent of all Parties and any relevant Disclosing Third Parties or an order of the Court, the provisions of this Confidentiality Order shall continue to be binding after the conclusion of this Litigation.

17. Within sixty (60) days after the final termination of this Litigation, all documents, information, testimony, and material designated under this Confidentiality Order and all copies thereof (including summaries and excerpts) shall, at the election of the Disclosing Party, be either: (a) returned to the Disclosing Party; or (b) destroyed and a certification of destruction supplied to the Disclosing Party. Notwithstanding anything herein to the contrary, the Parties' outside counsel shall not be required to purge or destroy any tangible or electronic records internally maintained by counsel provided, however, that any records so maintained shall continue to be governed by this Confidentiality Order in all respects. Furthermore, notwithstanding anything herein to the contrary, it shall not be a breach of this Confidentiality Order for the Parties' outside counsel or

experts retained by such outside counsel to fail to purge electronic documents or electronic information stored from backup tapes or other archival media maintained for the purposes of disaster recovery, business continuity, or for regulatory reasons, provided that such documents, information, testimony, and material shall continue to be governed by this Confidentiality Order in all respects.

18. This Confidentiality Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Confidentiality Order shall prohibit or interfere with the ability of counsel for any Party, or of experts retained in connection with the Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters so long as such counsel and/or expert complies with the terms of this Confidentiality Order.

19. This Confidentiality Order may be modified or amended by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

20. Any dispute concerning the application of this Confidentiality Order shall be heard pursuant to the rules of the Court or of any other court to which this case may be transferred.

SO ORDERED:

Date: March 13, 2020
New York, New York

_____
WILLIAM H. PAULEY III
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

                Plaintiff,

v.

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company, et al.*,

                Defendants.

No. 18 Civ. 8048 (WHP)

EXHIBIT A TO AMENDED CONFIDENTIALITY ORDER

    I, _____, hereby acknowledge that I have read and understand the Stipulated Confidentiality Order (the "Confidentiality Order") entered in the above-captioned case. I understand both the terms of the Confidentiality Order and the potential consequences of violating the Confidentiality Order. I recognize that I am bound by the terms of the Confidentiality Order and I agree to comply with those terms. I agree that I will not disclose any documents, information, testimony, or material designated CONFIDENTIAL under the Confidentiality Order to any person not entitled to have access to such information under the express terms of the Confidentiality Order. I further agree to use CONFIDENTIAL documents, information, testimony, and material only in connection with this litigation and not for any other purpose.

    By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Confidentiality Order and that my willful violation of any term of the Confidentiality Order could subject me to punishment for contempt of Court.

Dated: _____    By: