UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

                                        Plaintiff,           Case No. 1:18-cv-08048-WHP

v.

BREVET HOLDINGS, LLC, *et al.*,
                                       Defendants.

## **Reply Declaration of Michael Szymanski**

I, Michael Szymanski, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I submit this reply declaration in further support of the motion to quash the subpoena ad testificandum for my deposition in this matter.

2. In his declaration, Mr. Iacovacci states that I "was hired by Brevet to audit Brevet's workplace computer practices, its regulatory practices, and its accounting practices, shortly after [he] left the company." (Iacovacci Decl. [Dkt. No. 178] ¶ 6.) That is entirely inaccurate.

3. As I explained in my initial declaration, I was never "hired" by Brevet but was rather retained as an independent consultant more than a year *after* Mr. Iacovacci's termination. (Szymanski Decl. [Dkt. No. 169] ¶ 2.) At no time was I responsible for "auditing" any of Brevet's practices, including those specifically identified by Mr. Iacovacci.

4. Mr. Iacovacci further states that I have "direct knowledge of Brevet's compliance practices and procedures, including any practices and procedures relating to the company's monitoring of employee electronic devices and computers." (Iacovacci Decl. ¶ 7.) Leaving

1

aside the question of how Mr. Iacovacci — with whom I have never communicated — could have any possible basis to testify about my "direct knowledge," this statement is also inaccurate. During my time as a consultant at Brevet, I was involved with some issues that related generally to Brevet's compliance with regulations that govern its business, but **none of those issues involved in any way Brevet's "monitoring of electronic devices and computers" or any other topic that could possibly be related to Mr. Iacovacci's termination or Brevet's handling of that matter**.

5. Mr. Iacovacci also states that I have "knowledge of how Brevet chose to enforce and apply any compliance practices, including how unevenly they were enforced." (Iacovacci Decl. ¶ 8.) This statement is misleading. As noted above, I was involved with some issues relating to regulatory compliance, but none that would be in any way relevant to the issues in this case.

6. I have no records concerning any of the issues I was involved with during my limited time at Brevet, and no present recollection of the specifics of any of those issues.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: Ridgewood, New Jersey
October 18, 2020

_____
MICHAEL SZYMANSKI