UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

           Plaintiff,

v.

BREVET HOLDINGS, LLC, *et al.*,

           Defendants.

Case No. 1:18-cv-08048-WHP

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THIRD PARTY MICHAEL SZYMANSKI's MOTION TO QUASH SUBPOENA AD TESTIFICANDUM

Louis M. Solomon
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
(212) 549-0400
*Attorneys for Michael Szymanski*

**INTRODUCTION**

Third party Michael Szymanski ("Szymanski") respectfully submits this reply memorandum in further support of his motion to quash the subpoena ("Subpoena") Plaintiff served upon him on September 24, 2020 to the extent it seeks his deposition in this matter as to which he has no first-hand knowledge or information. The Subpoena seeks documents and testimony from Szymanski relating to his knowledge of Brevet's compliance practices and procedures, including any practices and procedures relating to the company's monitoring of employee electronic devices. *See* Dckt No. 177, at 1. While Szymanski has produced the few documents in his possession concerning his relationship with Brevet — his consulting contract and his obligations upon termination of that contract — he lacks any knowledge of Brevet's policies or practices as they relate to electronic devices and computer monitoring, or any compliance issues as they relate to Plaintiff, computers, or the claims at issue in the case at hand. Plaintiff's insistence on testimony from Szymanski is at odds with his obligation under FRCP 45 to avoid imposing an undue burden on third parties.

**FACTUAL BACKGROUND**

In opposition to Szymanski's motion, Plaintiff asserts that Szymanski has knowledge Plaintiff believes to be relevant to his case. Unfortunately for Plaintiff, Szymanski refutes the assertion, confirming that he lacks any special or unique knowledge that could possibly be relevant to this case or Plaintiff's claims. *See* Reply Declaration of Michael Szymanski ("Szymanski Reply Decl.") ¶¶ 2-6. As Szymanski explains, he was never hired by Brevet; he was engaged as an independent consultant to Brevet a year *after* .Plaintiff's termination. *Id.* ¶ 3. Contrary to Plaintiff's claim, to the extent he dealt with any issues relating to regulatory compliance, he played no role in the development, evolution or enforcement of Brevet's computer monitoring policies. *Id.* ¶¶ 4-5. Moreover, while he was aware of the existence of this

litigation, he never dealt with any issues relating to Plaintiff's termination or any of the claims in this case. *Id.*; *see also* Dckt No. 169 ("Szymanski Decl.") ¶ 7.

## LEGAL ARGUMENT

Plaintiff contends that because Szymanski is a prior consultant, his deposition would not raise many of the typical concerns underlying the "undue burden" analysis. Specifically, Plaintiff alleges that Szymanski possesses knowledge of (i) Brevet's practices and policies with respect to monitoring electronic devices and employee accounts, and (ii) Brevet's practices with respect to its regulatory compliance. *See* Dckt No. 177, at 2. However, as demonstrated above and in Szymanski's declarations, Plaintiff misrepresents Szymanski's role at Brevet and the scope of his knowledge about matters relevant to this dispute. Szymanski's knowledge and role at Brevet was limited. By his own testimony, none of the matters he dealt with at Brevet "involved in any way Brevet's 'monitoring of electronic devices and computers' or any other topic that could possibly be related to Mr. Iacovacci's termination or Brevet's handling of that matter". Szymanski Reply Decl. ¶ 5. Put simply, Szymanski's knowledge is not relevant and Plaintiff's subpoena to depose him should be quashed on that basis.

To the extent that Plaintiff asserts that Szymanski possesses relevant knowledge concerning Brevet's regulatory compliance in general, this Court has already held Plaintiff's pursuit of discovery concerning Brevet's compliance after 2016 represents "an invitation for a mini-trial on Brevet's conduct post Iacovacci departure." Transcript of Aug. 4, 2020 Conference at 25-26. Given that *all* of Szymanski's knowledge of Brevet dates from early 2018, there is absolutely no justification for compelling him to prepare for and sit for a deposition concerning the extent of that knowledge. *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (granting motion to quash subpoena that sought information not sufficiently relevant to Plaintiff's case).

## CONCLUSION

WHEREFORE, for the foregoing reasons Szymanski respectfully requests that the Court quash the subpoena ad testificandum served on him by Plaintiff.

Dated: New York, New York
October 19, 2020

**REED SMITH LLP**

By: /s/ Louis M. Solomon
Louis M. Solomon
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
lsolomon@reedsmith.com

*Attorneys for Michael Szymanski*