August 10, 2021

**By ECF**

The Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Iacovacci v. Brevet Holdings, LLC, et al.,* 18 Civ. 8048

Dear Judge Vyskocil:

  The parties respectfully submit this joint status letter pursuant to the Court's Scheduling Order dated August 3, 2021 (Dkt. 229).

**Defendants' Counsel's Attorney-Client Relationship with Dominican College**

  As an initial matter, we note that counsel for Defendants, Philip Semprevivo, has called to the parties' and the Court's attention his longstanding attorney-client relationship with Dominican College, for which institution Your Honor serves on its Board of Directors, and that Mr. Semprevivo has, on occasion, personally communicated with the Board and its members, including Your Honor, in relation to legal matters.  Mr. Semprevivo raised this issue in a letter to the Court dated July 30, 2021. Dkt. 228.  The parties recognize that this is a fact the Court may wish to address. *Cf.* 28 U.S.C. § 455(a).  Plaintiff respectfully reserves the right to request further information regarding the circumstances of Mr. Semprevivo's representation as appropriate.

**Nature of the Case**

  Plaintiff Paul Iacovacci was a co-founder of a hedge fund called Brevet.  He initiated this action against the Defendant Brevet entities, his fellow co-founders, and Brevet's head of technology, for allegedly hacking into his computer, email accounts, and external hard drives.  Specifically, Plaintiff alleges that after he announced his intent to retire from Brevet in January 2016, Defendants engaged in a scheme to string Iacovacci along and hacked into his computer in an attempt to find some ground for terminating his employment "for cause" and avoid paying Iacovacci the contractually guaranteed payments to which he was entitled upon his retirement.  Plaintiff alleges that as part of that scheme, Defendants improperly obtained remote access to his home computer, accounts, and external hard drives without Iacovacci's consent, to obtain unlawful access to his data and information, including his privileged communications with his attorneys and drafts of his pleadings in a related case that Iacovacci was initiating (described further below).  Iacovacci alleges that Brevet had purchased the computer for Iacovacci's home use, that Iacovacci used the computer for both business and personal purposes, and that his wife and children regularly used and accessed the computer.  Iacovacci and his family used several external hard drives that Iacovacci had purchased himself and that he and his family attached to his computer.  Iacovacci asserts claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), with respect to the computer (Count I), external hard drives (Count II), and his personal Yahoo! e-mail account (Count III); violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1)(a) (Count IV); violation of the Stored Communications Act, 18 U.S.C. § 2701

(Count V); and New York State common law claims of conversion (Count VI) and trespass to chattels (Count VII).  The Complaint is attached hereto as Exhibit A.

Defendants deny Plaintiff's allegations with respect to both his intent to retire and his hacking allegations.  Defendants allege that Plaintiff was terminated for cause on October 14, 2016 after Brevet discovered that Plaintiff had stolen potentially hundreds, if not more, of confidential, proprietary and trade secret documents and information between at least 2015 and 2016 in an attempt to misappropriate the information for himself.   Brevet contends that it purchased the computer for Iacovacci for Brevet-related business that Iacovacci might conduct at his home as Brevet had done for other Brevet employees.  Defendants further allege that, when Brevet demanded that Plaintiff return the computer Brevet contends it owns upon his termination, Plaintiff refused. Defendants claim that they are obligated as an SEC-regulated financial institution to monitor certain communications and correspondence that occurred over Brevet's computer systems and servers. Brevet alleges that the computer at issue is Brevet's property and that Plaintiff obtained and stole confidential and proprietary information through his unauthorized and illegal access of Brevet's computer systems, servers, and the use of the Brevet computer. Defendants further allege that their access to the computer was fully authorized and deny any allegation of improper or unauthorized access to the computer.  Defendants contend that Plaintiff's claims are barred in part, or in whole, by the doctrine of unclean hands, by prior compromise and settlement, failure to mitigate damages, breach of Plaintiff's contractual and fiduciary obligations to Brevet, breach of the duty of good faith and fair dealing, and because the allegations arise out of Brevet's claimed SEC regulatory compliance obligations to monitor certain communications and correspondence.

Defendants-Counterclaim Plaintiffs asserted several counterclaims in this action relating to Plaintiff's alleged theft and misuse of Defendants' confidential, proprietary and trade secret documents and information.  Defendants assert that as an employee and Managing Director of Brevet, Plaintiff agreed by way of various LLC agreements and Brevet's Employment Handbook that he would not compete with Brevet, usurp corporate opportunities, or otherwise interfere with Brevet's business, and further that he would preserve the confidentiality of Brevet's confidential information and trade secrets.  Defendants assert that many of those obligations continued beyond any employment.  Defendants allege that while Plaintiff was employed by Brevet, he created a scheme to compete directly with Defendants by inappropriately accessing, downloading, using and sending Brevet's confidential materials to his personal email account(s), all of which Defendants claim resulted in his termination for cause.  Defendant-Counterclaim Plaintiff Brevet Capital Management asserts the following counterclaims against Plaintiff in this action based on this alleged conduct:  breach of contract (Count I), breach of the covenant not to compete (Count II), breach of the covenant of confidentiality (Count III), unfair competition (Count VI), tortious interference with business relations (Count VII), tortious interference with prospective business relations (Count VIII), and misappropriation of trade secrets (Count IX). Defendants-Counterclaim Plaintiffs Brevet Capital Management, Monticciolo, and Callahan further assert claims for the breach of fiduciary duty (Count IV) and the breach of the duty of loyalty (Count V). Defendants-Counterclaim Plaintiffs Brevet Holdings, LLC, Brevet Capital Management, Brevet Short Duration Partners, LLC and Brevet Short Duration Holdings, LLC assert the violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count XII).  Defendants voluntarily dismissed without prejudice their claims based on the Computer Fraud and Abuse Act (Count X) and the Stored Communications Act (Count XI). *See* Dkt. 119, at 4, n. 1.

Plaintiff asserts that Iacovacci did not usurp any corporate opportunities or misuse any of Brevet's confidential information. Plaintiff asserts multiple affirmative defenses to Defendants' counterclaims, including that Defendants cannot seek enforcement of their agreements because Defendants materially breached those agreements by engaging in bad-faith retirement negotiations and wrongfully terminating Plaintiff. Plaintiff also contends that any purported trade secrets were known by Brevet employees, others involved in Brevet's business, and others outside Brevet.

The major issues for resolution will include: (1) whether Defendants' remote access of the computer was unauthorized; (2) whether Defendants accessed Plaintiff's accounts and external hard drives without Plaintiff's consent; (3) whether Defendants have any viable defense to any remote access; (4) whether Plaintiff took and misused Brevet's confidential, proprietary and trade secret documents and information for his own benefit; and (5) and whether Plaintiff has any viable defenses to any such conduct.

There are two pending related litigations. In 2016, before this suit was filed, Iacovacci initiated an action in New York State court, alleging that Brevet wrongfully purported to terminate his employment for cause after Iacovacci had announced his retirement, in an attempt to avoid paying Iacovacci the contractually guaranteed payments to which he was entitled upon his retirement. In that action, Plaintiff is seeking declaratory relief and damages related to profits he alleges Brevet has wrongfully refused to pay him. *Iacovacci v. Brevet Holdings, LLC*, No. 158735/2016 (Sup. Ct. N.Y. Cty.). Brevet denies Plaintiff's allegations in that action and has asserted counterclaims there that overlap and mirror its counterclaims in this action, including alleged breach of non-compete, non-solicitation, and confidentiality obligations, breach of fiduciary duty, unfair competition, tortious interference, misappropriation of trade secrets, conversion, trespass to chattels, and unjust enrichment. Discovery in that case is ongoing, with the note of issue currently due on October 7, 2021.

In 2020, Brevet initiated a separate action against Plaintiff Iacovacci and his newly formed business, Enascor, LLC, alleging unfair competition, misappropriation, unjust enrichment, and breach of contract. *Brevet Holdings, LLC. v. Enascor, LLC*, 21-cv-01540 (S.D.N.Y.). That action is currently pending before this Court and a separate status letter has been submitted by the parties to the Court in connection with that action.

**Subject Matter Jurisdiction and Venue**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq*. The Court has supplemental jurisdiction over the state law claims and counterclaims pursuant to 28 U.S.C. § 1367. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this District.

**Motions**

In November 2018, Defendants moved to dismiss all of Plaintiff's claims. *See* Dkts. 34 (Brevet, Callahan, and Monticciolo's motion to dismiss), 37 (Lan's motion to dismiss). The Court denied those motions, as well as Defendants' subsequent motion for reconsideration. *See*

Dkts. 49, 67. All Defendants except Johnny Lan submitted counterclaims with their Answer. *See* Dkt. 79 (Amended Answer). Plaintiff moved to dismiss those counterclaims, and the Court denied that motion. *See* Dkt. 131.

In October 2020, Defendants moved to quash the third-party subpoenas served on Michael Szymanski, *see* Dkt. 168, and David Cibrian, Dkt. 171. The Court granted the motion for Szymanski but denied the motion for Cibrian, permitting a three-hour deposition of Mr. Cibrian in this action. *See* Dkt. 187. Defendants further moved to quash a subpoena served on BDO USA LLP, Dkt. 190, which was ultimately denied as moot. Dkt. 198.

The parties have been negotiating a remote deposition protocol, which they expect to submit to the Court for endorsement.

**Discovery**

The parties have completed substantial document production and intend to begin depositions in the coming weeks. As noted below, the parties have agreed to coordinate the deposition schedule with the New York state action and sought an extension of the discovery schedule in this case on June 28, 2021, to coordinate with the state court case. Dkt. 225. Expert discovery will follow.

**Procedural Posture**

All motions to dismiss have been denied and the parties are engaged in fact discovery. The parties have a pending request for extension of the case schedule, which was submitted on June 28, 2021. Dkt. 225. The proposed scheduling order is attached hereto as Exhibit B, and the scheduling order the parties had jointly requested to extend is attached hereto as Exhibit C. As set out above, the parties' claims and defenses are related to the New York State action *Iacovacci v. Brevet Holdings, LLC*, No. 158735/2016 (Sup. Ct. N.Y. Cty.). For efficiency and in the spirit of cooperation, the parties have agreed to coordinate depositions across both cases, with the goal that deponents need not be deposed separately for each case. The parties' proposed scheduling order would set completion of fact discovery for October 7, 2021; completion of expert discovery for December 3, 2021, and final-pre-trial conference for January 24, 2022. Although the parties have been discussing deposition dates for several months, delays in the state-court case and ongoing document discovery may lead the parties to seek a further extension of these deadlines.

**Status of Settlement Discussions**

The parties are not in agreement as to the status of settlement discussions in connection with this action. Plaintiff believes that a settlement conference could be constructive. Defendants disagree.

Respectfully submitted,

<table>
<tr><td>/s/ Jason Cyrulnik<br>Jason Cyrulnik<br>Cyrulnik Fattaruso LLP<br>55 Broadway, 3rd Floor<br>New York, New York 10006<br>(646) 844-2466<br>jcyrulnik@cf-llp.com</td><td>/s/ Louis Solomon<br>Louis Solomon<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 549-0418<br>lsolomon@reedsmith.com</td></tr>
</table>