December 10, 2021

**By ECF**

The Hon. Mary Kay Vyskocil
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Iacovacci v. Brevet Holdings, LLC, et al.*, 18 Civ. 8048-MKV

Dear Judge Vyskocil,

The parties respectfully submit this joint status letter pursuant to the Court's Post-Conference Scheduling Order (Dkt. 233), as amended by the Revised Scheduling Order dated December 1, 2021 (Dkt. 239) in advance of the Post-Discovery Conference scheduled for January 11, 2022.

**Current Deadlines**

The Court has the following existing deadlines currently in place: the parties' pre-motion letter regarding summary judgment motions, and accompanying Rule 56.1 Statement, is due on December 10, 2021. The parties must submit their responsive letter, along with their Rule 56.1 Counterstatement, on or before December 23, 2021. The parties are scheduled to appear for a Post-Discovery Conference on January 11, 2022.

**Outstanding Motions**

There are no outstanding motions pending at this time.

**Discovery**

The parties have completed substantial document production, witness depositions, and expert depositions. In addition to extensive document discovery, the parties took depositions of ten individuals, several deponents designated as corporate representatives, and six experts.

Plaintiff believes the following additional discovery remains to be completed:

1. The parties have agreed in principle to the inspection of Brevet's computers and have been discussing parameters for that inspection.

2. During depositions, Plaintiff requested documents that Defendants have not yet produced. For example, one of Brevet's corporate representative witnesses brought a binder of documents to her remote deposition. Plaintiff requested that the documents promptly be shared. Defendants have not yet done so. Similarly, Brevet's CEO testified at deposition that the company retained Greenberg Traurig to conduct an "independent investigation" prior to terminating Iacovacci and remotely accessing the computer in his home without his consent. Plaintiff believes disclosure of these materials is warranted.

3. Defendants' privilege log, produced at the close of fact discovery, raises questions and appears to require amendment. For example, the log lists "in-house counsel" for

    numerous entries without identifying any particular attorney, including from time periods when at least one witness did not recall Brevet having in-house counsel.

4. Plaintiff has learned that Brevet failed to preserve his office computer, and instead purportedly "backed up" the files and then repurposed the machine. The documents produced from that backup, however, appear to be incomplete. Plaintiff is seeking further information about the circumstances surrounding Defendants' failure to preserve that machine as it existed at the time the parties' disputes arose.

Defendants believe that all discovery has been completed in compliance with the explicit terms of the Court's Post-Conference Scheduling Order (Dkt. 233), particularly in light of Plaintiff's failure to raise any of these purported issues with the Court at any time prior to this submission as required by this Court's rules. Indeed, Plaintiff's November 30, 2021 application to the Court for an extension of "certain deadlines" relating to this submission and the parties' responsive submission did not in any way suggest that Plaintiff believed that fact discovery was not yet completed or that Plaintiff intended to ask this Court to reopen fact discovery to address its supposed complaints. Nor did Plaintiff seek to meet and confer with Defendants on any of these issues. Needless to say, reopening fact discovery at this stage, well after expert discovery has been completed, would cause substantial prejudice, requiring reconsideration of expert opinions already offered and reopening of depositions already completed, and would almost certainly lead to modification, supplementation and delay in consideration of the parties' summary judgment motions.

Plaintiff does not join in the foregoing paragraph and disagrees with its mischaracterizations and argument. To avoid further belaboring this joint letter, Plaintiff will be prepared and available to address Defendants' mischaracterizations and argument at the Post-Discovery Conference or in a further submission should the Court wish.

### Status of Settlement Discussions

Defendants do not request a settlement conference at this time.

### Anticipated Length of Trial

The parties anticipate that trial of this matter will take 7-10 trial days.

### Motion for Summary Judgment or Motion to Exclude Expert Testimony

The parties anticipate filing motions for summary judgment. Plaintiff intends to move for summary judgment on Defendants' counterclaims and Affirmative Defense Twenty Three. Defendants intend to move for summary judgment on all of Plaintiff's claims other than those duplicative of claims pending in Plaintiff's state court action.

The parties also anticipate filing motions to exclude expert testimony. Defendants plan to move to exclude expert testimony offered by Erik Rasmussen, Neil Librock, and Jane Jarcho. Plaintiff intends to move to exclude expert testimony offered by Ken Joseph and Sankara Shanmugam.

**Other Issues**

The parties are unaware of any other issues to be addressed at the January 11 Post-Discovery Conference.

Respectfully submitted,

| | |
|---|---|
| */s/ Jason Cyrulnik* | */s/ Louis M. Solomon* |
| Jason Cyrulnik | Louis M. Solomon |
| Cyrulnik Fattaruso LLP | Reed Smith LLP |
| 55 Broadway, 3rd Floor | 599 Lexington Avenue |
| New York, New York 10006 | New York, New York 10022 |
| (646) 844-2466 | (212) 549-0418 |
| jcyrulnik@cf-llp.com | lsolomon@reedsmith.com |