**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PAUL IACOVACCI,

                                        Plaintiff,                    Case No. 1:18-cv-08048-MKV

             v.

BREVET HOLDINGS, LLC, *a Delaware Limited Liability*
*Company et al*.,

                                        Defendants.

### Declaration of Mei-Li da Silva Vint

      I, Mei-Li da Silva Vint, hereby declare under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, as follows:

      1.      I am the Chief Compliance Officer of Brevet Capital Management, LLC, the

SEC-registered investment advisor owned by Brevet Holdings, LLC, and appointed by parties

including Brevet Short Duration Partners, LLC (f/k/a Brevet Capital Partners III, LLC), which is

a subsidiary of Brevet Short Duration Holdings LLC (f/k/a Brevet Capital Holdings III, LLC),

and Brevet Capital Partners, which is a subsidiary of Brevet Capital Holdings, LLC (collectively,

"Brevet", or "Defendants").

      2.      I submit this declaration in support of Brevet's letter motion to seal permanently

Paragraph P-37 and Plaintiff's Response to D16 of the Consolidated Rule 56.1 Counter-

Statement (ECF No. 249) as those paragraphs include confidential, non-public information of

non-parties.  I also submit this declaration in support of Brevet's letter motion to seal

permanently Paragraph P-75 of the Consolidated Rule 56.1 Counter-Statement as it includes the

- 1 -

identities of Brevet's past and/or prospective clients, including past and/or prospective investors and transaction counterparties.

3.      Brevet does not publicly disclose the specific start or end date of any employee on its website or in its Form ADV.  To my knowledge, the specific date on which I began my employment at Brevet has not been publicly disclosed anywhere.

4.      All separation agreements between Brevet and employees are designated as confidential and are not shared publicly.

5.      As part of the separation agreements, former employees agree that the terms of the agreement are confidential and may not be disclosed by the former employee without the prior written consent of Brevet.

6.      Brevet considers its clients to be all of the investors and borrowers that it has a relationship with.

7.      The disclosure of Brevet's past and/or prospective clients, including past and/or prospective investors and transaction counterparties, places Brevet at a competitive disadvantage by allowing competitors, without expending resources, to use that information to better compete with Brevet.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
       December 29, 2021

                                             MEI-LI DA SILVA VINT