

**CYRULNIK FATTARUSO LLP**

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

January 7, 2022

**By ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re: *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV

Dear Judge Vyskocil:

I write on behalf of Plaintiff, Paul Iacovacci, in response to Defendants' pre-motion letter of January 4, 2022, which requested a conference for Defendants' anticipated motion to exclude certain expert testimony.

As a threshold matter, Defendants' letter is surprising because the parties' anticipated motions to exclude expert testimony have already been identified for discussion at the upcoming Post-Discovery Conference scheduled for January 11, 2022. Specifically, the Court directed that the parties' joint status letter in advance of the upcoming conference should identify, among other things, anticipated motions "to exclude expert testimony." Dkt. 233 at 2 (item f). Accordingly, the parties have identified their anticipated motions in that joint letter. Dkt. 240 at 2. We therefore understood that topic to be ripe for discussion at the conference without the need to burden the Court with a further pre-motion letter.

In brief response to Defendants' summary of the anticipated grounds for their motion to exclude, Defendants' motion lacks any valid basis. Defendants' critiques of the experts' qualifications are meritless: Erik Rasmussen was trained in computer forensic investigations by the U.S. Secret Service and has extensive experience in both the public and private sectors, investigating and consulting on issues related to cybersecurity, digital forensics, and data breaches. He regularly advises both employers and employees on standards for technologically and physically separating personal use from company use in the context of computer and network usage and setup, and his experience includes making determinations of whether devices are business or personal. And Neil Librock has over 30 years of experience managing loan finance operations and is well familiar with standard industry lending practices based on his decades of experience, including with such major national banks as Wells Fargo, Bank of America, and Citicorp.

Defendants' criticisms of the experts' "methodology" likewise fail to identify any valid basis for to exclude testimony, and instead merely list Defendants' quarrels with the experts' conclusions, or Defendants' false and misleading characterizations of the experts' analyses, all of which "go to the weight, not the admissibility, of the testimony." *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1188 (2d Cir. 1992) (affirming denial of motion to strike expert testimony). The full record

demonstrates that these well-qualified experts' opinions are sound, well-founded, and fatal to Defendants' case.

As noted in the parties' joint letter in advance of the upcoming conference, Iacovacci intends to move to exclude testimony from Defendants' proffered experts Ken Jospeh (who offers irrelevant, unfounded, and legal-opinion testimony) and Sankara Shanmugam (who offers unqualified and methodologically flawed testimony). *See* Dkt. 240 at 2.

We look forward to addressing this and other topics with the Court at the upcoming Post-Discovery Conference.

                                                  Respectfully,

                                                  /s/ Jason Cyrulnik

                                                  Jason Cyrulnik

cc: Counsel of record (by ECF)