USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/11/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

                Plaintiff,

-against-

BREVET HOLDINGS, LLC et al.,

                Defendants.

1:18-cv-08048-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On December 10, 2021, the parties in this case filed a joint pre-motion letter in anticipation of filing motions for summary judgment. [ECF No. 243]. In conjunction with that joint pre-motion letter, the parties filed a consolidated Rule 56.1 Statement under seal, (56.1 Stmt [ECF No. 245]), and a consolidated Rule 56.1 Counter-Statement under seal, (56.1 Counterstmt [ECF No. 253]). Plaintiff opposes maintaining two portions of the consolidated Rule 56.1 Statement under seal, specifically portions of paragraphs P-37 and P-75. [ECF No. 248]. Defendant also requests that the Court maintain under seal a reference to a separation letter of a former employee referenced in Plaintiff's Response to paragraph D-16 of the consolidated Rule 56.1 Statement. [ECF No. 255].

      "Both the Constitution and longstanding common-law traditions recognize a right of public access to judicial proceedings and judicial documents." *United States v. Nejad*, No. 18-cr-224 (AJN), 2021 WL 681427, at *9 (S.D.N.Y. Feb. 22, 2021) (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 505 (1984)). In this Circuit, there is a three-part inquiry to determine whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the

1

performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.* at 120.

## I. P-37 Of The Consolidated Rule 56.1 Statement

Defendant contends that Paragraph P-37 of the consolidated Rule 56.1 Statement contains personally identifiable information of Defendant's Chief Compliance Officer, namely, the date she began employment with Defendant. (56.1 Stmt ¶ P-37). This Circuit has held that the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Plaintiff asserts that the fact that Defendant's Chief Compliance Officer began employment with Defendant in October 2016 is already public. [ECF No. 248, at 1]; [ECF No. 258, at 1]. However, Plaintiff does not cite any public disclosure of the specific date when Defendant's Chief Compliance Officer began employment with Defendant, only to a document filed with the SEC reflecting the month and year in which she was hired. For purposes of summary judgment briefing, the Court will permit Defendant to maintain the specific date that Defendant's Chief Compliance Officer began employment with Defendant under seal. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (redacting personal information of non-parties); *Oliver Wyman, Inc. v.*

*Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing employment information of non-parties).

### II.     P-75 Of The Consolidated Rule 56.1 Statement

Paragraph P-75 of the consolidated Rule 56.1 Statement contains the names of Defendant's "past and/or prospective clients, including past and/or prospective investors and transaction counterparties." [ECF No. 246, at 1]; (56.1 Stmt ¶ P-75).  A court may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information. *See In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *Re: Mindbody, Inc. Sec. Litig.*, No. 1:19-CV-08331-VEC, 2021 WL 3500176, at *1 (S.D.N.Y. Aug. 9, 2021) (redacting "information [that] sheds light on [defendant's] proprietary business relationships, which can be used by [defendant's] competitors to potentially undercut [defendant's] relationship with those entities.); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit); *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by

sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access.").

Plaintiff argues that this information has already been disclosed in public filings in this case or the related New York State action. [*See* ECF No. 79 (Counterclaims) ¶¶ 53, 140]; *see also* Exhibit K, Dkt. No. 1476, at 3, 7, 14 of PDF, *Iacovacci v. Brevet Holdings et al*, N.Y. Cty. Index No. 158735/2016. However, none of these documents disclose all the names of the counterparties together with a description of their relationship to Defendant. As such, the Court will maintain this information under seal.

### III. D-16 Of The Consolidated Rule 56.1 Counter-Statement

Plaintiff's response to D-16 of the consolidated Rule 56.1 Statement includes a reference to a former employee's separation letter. (56.1 Counterstmt ¶ D-16). This reference discloses confidential information pertaining to a non-party's employment and separation from Defendant. As such, the non-party's privacy interest exceeds public interest in disclosure. *See TheStreet.Com*, 273 F.3d at 232; *Kewazinga Corp.*, 2021 WL 1222122, at *5. The Court will maintain this information under seal.

### CONCLUSION

Defendant's Motion to maintain under seal portions of the Consolidated Rule 56.1 Statement and Consolidated Rule 56.1 Counterstatement is GRANTED in part. The parties are directed to refile the Consolidated Rule 56.1 Statement on the public docket in this case and may redact only the precise date that Defendant's Chief Compliance Officer began employment with Defendant. Paragraphs 75 and D16 of the consolidated Rule 56.1 Statement and the consolidated

Rule 56.1 Counter-Statement respectively may be redacted in the publicly filed version and a fully unredacted version must be filed on the docket.

      The Clerk of Court is respectfully requested to close docket entries 241, 246, 249, and 255.

**SO ORDERED.**

**Date:  January 11, 2022**                 _____
      **New York, NY**                    MARY KAY VYSKOCIL
                                           **United States District Judge**