

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

May 3, 2022

**By ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2022
```

      Re:    *Iacovacci v. Brevet Holdings, LLC, et al.*, No. 1:18-cv-8048-MKV

Dear Judge Vyskocil:

We write on behalf of Plaintiff, Paul Iacovacci, to request the sealing of one exhibit submitted in support of Plaintiff's motion to exclude testimony and opinions of Defendants' expert Sankara Shanmugam. Exhibit 1 to the Affirmation of Evelyn N. Fruchter, dated May 3, 2022, is an agreement between Complete Discovery Source ("CDS") and certain counsel in this matter ("Agreement"). The Agreement, which concerns the provision of forensic data services on the Dell Optiplex computer, warrants sealing because it contains sensitive commercial and financial information of a third party.

Documents containing confidential business information are routinely sealed. *See News Corp. v. CB Neptune Holdings, LLC*, No. 21 CIV. 04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (so-ordering request to seal certain agreements)*; Capri Sun GmbH v. Am. Beverage Corp.*, 2021 WL 3036589, at *2-3 (S.D.N.Y. July 16, 2021) (so-ordering letter motion requesting sealing or redaction of deposition transcripts containing information likely to cause competitive harm if disclosed). Here, CDS specifically designated the agreement as confidential, noting that the agreement and pricing information should be not be discussed or distributed without its prior written consent.

Courts routinely find that documents containing pricing information satisfy the sealing standard. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). This practice acknowledges that "disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements. *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021). The interest in protecting pricing information is especially strong here since CDS is not a party to this action, and its pricing information is not relevant to the Court's ultimate determination here. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (ordering sealing of third-parties' sensitive business information); *Tourangeau v. Nappi Distribs.*, 2022 WL 768688, at *8 (D. Maine Mar. 14, 2022) ("Third-party privacy interests 'weigh heavily in a court's balancing equation.'").

**CYRULNIK FATTARUSO LLP**

For these reasons, the Court should permit the Agreement to be filed under seal.

Sincerely,

Jason Cyrulnik

cc: Counsel of Record (via ECF)

---

**GRANTED. Plaintiff's request to seal Exhibit 1 to the Affirmation of Evelyn N. Fruchter is granted. Defendant does not oppose this request. [ECF No. 299]. SO ORDERED.**

Date: 5/9/2022
New York, New York

Mary Kay Vyskocil
United States District Judge

2