# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

                Plaintiff,

    -against-

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company*, BREVET CAPITAL MANAGEMENT, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION PARTNERS, LLC, *a Delaware Limited Liability Company*, BREVET SHORT DURATION HOLDINGS, LLC, *a Delaware Limited Liability Company*, DOUGLAS MONTICCIOLO, *as a Member and the Majority Owner of Brevet Holdings, LLC, Chief Investment Officer of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, MARK CALLAHAN, *as President of Brevet Capital Management, LLC, a Member of Brevet Short Duration Partners, LLC, a Member of Brevet Short Duration Holdings, LLC, and Individually*, JOHNNY LAN, *as Vice President and Head of Technology of Brevet Capital Management, LLC and Individually*, and JOHN AND JANE DOES 1 THROUGH 100,

                Defendants.

Civil Case No.:
1:18-cv-08048-WHP

## DEFENDANTS' RULE 26 INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedures, Defendants, Brevet Holdings, LLC, Brevet Capital Management LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings LLC, Douglas Monticciolo, Mark Callahan and Johnny Lan (collectively, "Defendants"), by and through their undersigned counsel, provide the following Rule 26(a)(1) Disclosures based on information reasonably available to them at this time.

Defendants do not, by making these initial disclosures, waive any rights or objections that it has with respect to discovery, including its rights to object to discovery on the basis of relevancy, privilege, undue burden, hearsay, or any other valid ground. Defendants reserve the right to object to any discovery request by Plaintiffs, even if related to subject matter described herein.

Defendants reserve all of their rights to object to the use of any information provided herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action. Defendants reserve the right to seek discovery from, and relating to, persons whose names appear in documents produced during discovery and other persons who may subsequently

become known as persons likely to have discoverable information relevant to claims or defenses in this action. Defendants reserve the right to supplement or amend these Rule 26 Disclosures.

### **FRCP 26(a)(1)(A)(i) Individuals Likely to Have Discoverable Information**

RESPONSE: Pursuant to Rule 26(a)(1)(A)(i), and based on current information, Defendants identify the following individuals likely to have discoverable information that Defendants may use to support their claims and defenses in this action, other than for impeachment purposes. The inclusion of an individual as likely to have such discoverable information is not a statement by Defendants that the named individual in fact has such discoverable information or that the individual is an appropriate document custodian for purposes of discovery in this action. The description of the subject matter provided does not exclude the possibility that an individual may have information concerning other subjects that might be relevant to defenses in this action.

1. Plaintiff Paul Iacovacci — care of Plaintiff's counsel.

2. Jennifer Iacovacci — care of Scott Weiss, Esq. — Mrs. Iacovacci is expected to possess knowledge of the use of the subject Brevet Computer, the connected hard drives, Plaintiff's personal email accounts, and their contents.

3. Defendant Johnny Lan — care of defense counsel — Mr. Lan is expected to possess knowledge of Brevet's policies and practices and knowledge of facts relevant to the damages sustained by Defendants.

4. Defendant Mark Callahan — care of defense counsel — Mr. Callahan is expected to possess knowledge of Brevet's policies and practices and knowledge of facts relevant to the damages sustained by Defendants.

5. Defendant Douglas Monticciolo — care of defense counsel — Mr. Monticciolo is expected to possess knowledge of Brevet's policies and practices and knowledge of facts relevant to the damages sustained by Defendants.

6. Mei-Li da Silva Vint — care of defense counsel — Ms. da Silva Vint is expected to possess knowledge of Brevet's policies and practices and knowledge of facts relevant to the damages sustained by Defendants.

7. Gareth Lea — ▇▇▇▇▇▇▇▇▇▇ — Mr. Lea, a former employee of Brevet, is expected to possess knowledge of Brevet's policies and practices.

8. ▇▇▇▇▇ — ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is expected to possess knowledge of Plaintiff's self-dealing and improper sharing of Brevet's proprietary information.

9. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ expected to possess knowledge of Plaintiff's self-dealing and improper sharing of Brevet's proprietary information.

2

10.  ████████████████████████████████████ is expected to possess knowledge of Plaintiff's self-dealing and improper sharing of Brevet's proprietary information.

11. Samuel Schuster – ████████████████████████████████████ a former employee of Brevet, is expected to possess knowledge of Brevet's policies and practices and Plaintiff's self-dealing.

12. ████████████████████████████████████ a former employee of Brevet, is expected to possess knowledge of Brevet's policies and practices and Plaintiff's self-dealing.

13. ████████████████████████████████████ is expected to possess knowledge of Plaintiff's violation of Brevet's non-compete provisions.

This response does not include any expert witness that Defendants may retain, who will be identified in accordance with the Scheduling Order. Additionally, persons and entities identified in Plaintiff's initial disclosures may have discoverable information that Defendants may rely on to support Defendants' defenses or claims; the identification of such persons and entities is incorporated herein by reference, and Defendants reserve the right to call at trial as their own witnesses any individuals identified by Plaintiffs in their initial disclosures.

### FRCP 26(a)(1)(A)(ii) – Description of Documents, ESI and Tangible Things

RESPONSE: Pursuant to Rule 26(a)(1)(A)(ii) and based on current information, Defendants identify the following categories of non-privileged documents, electronically-stored information, and tangible things that are in their possession, custody or control, that Defendants may use to support their claims or defenses, except for those documents that would be used solely for impeachment purposes:

1. Records related to the Dell computer that was purchased by Brevet and provided by Brevet to Plaintiff so he could work from home (the "Brevet Computer").

2. Records maintained by Brevet in its normal business operations related to Plaintiff and his misconduct, including but not limited Brevet's employee manuals, handbooks, and policies.

3. Forensic images, scans or copies of the Brevet Computer and the hard drives that were connected to that computer (note Brevet only has partial redacted versions of two drives and anticipates receiving the scan of the third drive in the future).

4. Copies of Email communications by Plaintiff on several non-Brevet accounts related to his misconduct.

5. Brevet's proprietary documents that were altered by Plaintiff for personal purposes.

6. Document responses obtained via subpoena from non-parties to the New York State court action.

7. Plaintiff's interrogatory and document demand responses in the New York State court action.

8. Transcripts of deposition testimony taken in the related New York State court action.

### FRCP (26)(a)(1)(A)(iii) – Computation of Damages

RESPONSE: Defendants are unable to provide a computation of damages sustained at this stage of the litigation, but reasonably anticipate that their counterclaim damages are at least tens of millions of dollars in relation to categories that include, but are not limited to, lost business opportunities, damage to Brevet's reputation, stolen property, and damage to the security and reputation of the individual Defendants. Defendants will supplement this category of disclosure after further fact and expert discovery.

### FRCP(26)(a)(1)(A)(iv) – Insurance Agreements

RESPONSE: None.

Defendants reserve the right to supplement and/or amend these Rule 26(a) initial disclosures throughout the course of discovery and the trial of this matter, and to object to the admissibility of any document or statement herein or in Plaintiff's initial disclosures on all bases set forth in the Federal Rules of Civil Procedures, Federal Rules of Evidence, and governing law.

Dated: New York, New York
      August 16, 2019

BIEDERMANN HOENIG SEMPREVIVO,
A Professional Corporation

By: _____
    Philip C. Semprevivo

One Grand Central Place
60 East 42nd Street, Suite 660
New York, New York 10165
Tel: (646) 218-7560
Philip.Semprevivo@lawbhs.com

Matthew A. Schwartz, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4197
schwartzmatthew@sullcrom.com

*Attorneys for Defendants Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, Mark Callahan, and Johnny Lan*

To: Paul M. Krieger, Esq.
KRIEGER KIM & LEWIN LLP
500 Fifth Avenue, 34th Floor
New York, New York 10110
Tel: (212) 390-9552
Paul.Krieger@KKLllp.com
*Attorneys for Plaintiff Paul Iacovacci*

## CERTIFICATE OF SERVICE

I, JOSEPH KIM, do hereby certify that on this 16th day of August 2019, I did cause a true and correct copy of Defendants' Rule 26 Initial Disclosures to be served via e-mail upon the following:

Paul M. Krieger, Esq.
KRIEGER KIM & LEWIN LLP
500 Fifth Avenue, 34th Floor
New York, New York 10110
Tel: (212) 390-9552
Paul.Krieger@KKLllp.com
*Attorneys for Plaintiff Paul Iacovacci*

_____
JOSEPH KIM