# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————x
PAUL IACOVACCI

                        Plaintiff,

      v.

BREVET HOLDINGS, LLC, *a Delaware Limited Liability Company, et al.*,

                        Defendants.
———————————————————x

No. 18 Civ. 8048 (WHP)

## DEFENDANTS' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), any order entered in or applicable to the above-captioned action or any other applicable law or rule, Defendants/Counterclaim-Plaintiffs Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC (collectively, "Brevet"), Douglas Monticciolo, Mark Callahan, and Johnny Lan (all of the foregoing, "Defendants") submit these responses and objections ("Response") to Plaintiff's Third Set of Interrogatories, dated December 17, 2019 ("Interrogatories"), without waiver of any objections or defenses that Defendants assert in this Response, previously have asserted, or hereafter may assert in the above-referenced action ("Action") and the ongoing New York state action initiated by Plaintiff on October 17, 2016, *Iacovacci v. Brevet et al.*, Index No. 158735/2016 ("State Action").

Defendants are willing to meet and confer with Plaintiff in an attempt to resolve Plaintiff's disagreements, if any, with this Response.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Instruction, and specific Interrogatory. Unless otherwise stated, they shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and specific Interrogatory. Any objection to a Definition or Instruction shall also apply equally to any other Definition, Instruction, or Interrogatory that incorporates that Definition or Instruction. Failure by Defendants to set forth any objection as part of these General Objections or otherwise herein (collectively, "Objections") does not constitute a waiver of that objection or otherwise preclude Defendants from raising that objection at a later time.

1. Defendants object to the Interrogatories as duplicative and cumulative to the extent that they are duplicative of Interrogatories included in Plaintiff's First Set of Interrogatories, dated September 17, 2019, in Plaintiff's Second Set of Interrogatories, dated December 9, 2019, or purport to seek information already obtained in the State Action. Defendants have responded, and continue to respond, to a significant number of interrogatories in the State Action that substantially or completely satisfy some or all of the Interrogatories below.

2. Defendants object to the Interrogatories to the extent that they purport to impose burdens or obligations on Defendants that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure, the Local Rules (including, without limitations, Local Rule 33.3), or any other applicable rules, laws, discovery protocols, or court orders ("Applicable Rules").

3. Defendants object to the Interrogatories to the extent that they are vague, ambiguous, overbroad, lacking in particularity or oppressive, and call for information that is neither relevant to the claims, defenses or subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, this Action. By agreeing to provide certain information,

Defendants do not concede that the Interrogatories seek information that is relevant to the claims, defenses, or subject matter of, or are reasonably calculated to lead to the discovery of admissible evidence in, this Action.

4. Any undertaking to meet and confer regarding, or to search for or provide information in response to, any specific Interrogatory remains subject to Defendants' objections, and shall not be construed as an admission that such information exists. Rather, any agreement by Defendants to provide information in response to any specific Interrogatory means only that such information will be provided if it exists, has not been provided already, can be located with reasonable diligence subject to the limitations in this Response, and is not otherwise protected from disclosure.

5. Defendants' Response reflects only the current state of Defendants' knowledge or information regarding the information Plaintiff has requested. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Response. Without in any way obligating themselves to do so, Defendants expressly reserve the right to revise, amend, correct, supplement, clarify, or modify their Response as further information becomes available.

6. Regardless of whether Defendants provide information in response to the Interrogatories, Defendants reserve the right (but do not assume the obligation) to: (i) revise, amend, correct, supplement, clarify or modify the content of this Response, in accordance with the Applicable Rules; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action, including discovery relating to the subject matter of any information provided; (iv) use or rely upon any information and documents produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or

information omitted from this Response as a result of mistake, error, oversight or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

7.	Defendants object to the Interrogatories to the extent that they purport to require Defendants to provide information that: (i) is not in Defendants' possession, custody, or control; (ii) is available from a more comprehensive, more convenient, more efficient, less burdensome or less expensive source than Defendants or through a more convenient, less burdensome or less expensive means than the Interrogatories; or (iii) is publicly or otherwise equally available to or already in the possession, custody or control of Plaintiff, third persons, or other entities. In responding to the Interrogatories, Defendants will search only for information in their possession, custody or control as of the date of this Response.

8.	Defendants object to the Interrogatories as unduly burdensome to the extent that they purport to require Defendants to: (i) undertake a search that would impose unreasonable costs and burdens or that would exceed Defendants' obligations under the Applicable Rules; (ii) conduct anything beyond a reasonable search for information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found; and (iii) undertake a search for information that is not centrally maintained by Defendants or is not available from Brevet's current employees.

9.	Defendants object to the Interrogatories to the extent that they purport to seek disclosure of (i) trade secrets, (ii) confidential, proprietary, commercially sensitive or competitively significant information or personal information relating to Defendants, their affiliates, employees, family members, and/or clients, customers or counterparties, or

(iii) information subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

10.  Defendants object to the Interrogatories to the extent that they seek information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under the Applicable Rules. Nothing contained in this Response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. Objections to any specific Interrogatory on privilege grounds are provided for emphasis and clarity only, and the absence of any such objection to any specific Interrogatory is neither intended, nor should be interpreted, as evidence that Defendants do not object to that specific Interrogatory on the basis of an applicable privilege, immunity, or protection. Inadvertent provision of any information covered by any privilege, immunity, or protection shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such information, its subject matter, or the information contained therein, nor shall the provision of such information constitute a waiver of Defendants' rights under the Applicable Rules to object to the use of such information at any stage of this Action or in any other action or proceeding.

11.  Defendants object to the Interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Defendants' Response and any provision of information in response to the Interrogatories are not intended, and shall not be construed, as an admission that any factual predicate stated in the Interrogatories is accurate.

12.     Defendants object to the Interrogatories to the extent that they purport to require Defendants to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiver of their objections, Defendants state that any written response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

13.     Defendants object to Definition D ("Brevet") on the grounds that it is overbroad and unduly burdensome to the extent that it purports to impose on Defendants burdens and obligations that exceed those imposed by the Applicable Rules, including Local Rule 26.3(c)(5). Subject to the Objections, in responding to the Interrogatories, Defendants will construe the term "Brevet" to refer solely to Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, and Brevet Short Duration Holdings, LLC, as well as their respective officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates, as applicable.

14.     Defendants object to Definition H ("Defendants") on the grounds that it is overbroad and unduly burdensome to the extent that it purports to impose on Defendants burdens and obligations that exceed those imposed by the Applicable Rules, including Local Rule 26.3(c)(5). Subject to the Objections, in responding to the Interrogatories, Defendants will construe the term "Defendants" to mean, individually and collectively, Brevet, Douglas Monticciolo, Mark Callahan, and Johnny Lan.

15.     Defendants object to Definition M ("Plaintiff") on the grounds that it is overbroad and unduly burdensome to the extent that it purports to impose on Defendants burdens and obligations that exceed those imposed by the Applicable Rules, including Local Rule

26.3(c)(5). Subject to the Objections, in responding to the Interrogatories, Defendants will construe the term "Plaintiff" to mean Paul Iacovacci.

16. Defendants object to Definition Q on the grounds that it is unduly burdensome to the extent that it purports to impose on Defendants burdens and obligations that exceed those imposed by the Applicable Rules, including anything more than a reasonable search for responsive information.

17. Defendants object to Instruction A on the grounds that it is unduly burdensome to the extent that it purports to impose on Defendants burdens and obligations that exceed those imposed by the Applicable Rules, including anything more than a reasonable search for responsive information; and (ii) it is overbroad to the extent that it purports to include individuals or entities other than Defendants and calls for information that is neither relevant to the claims, defenses, or subject matter of, nor proportional to the needs of, the Action.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

### Interrogatory No. 7

> Identify each Person with personal knowledge of Defendants' allegations that Plaintiff (1) breached a contract, covenant, and/or duty; or (2) engaged in unfair competition, improper solicitation, or otherwise tortiously interfered with present or prospective business relations, including, but not limited to, any former, current, or prospective customer, employee, or vendor with such knowledge.

### Response to Interrogatory No. 7

Defendants incorporate their General Objections by reference and further object to Interrogatory No. 7 on the grounds and to the extent that: (i) it calls for information that Plaintiff already possesses; (ii) the phrase "personal knowledge of Defendants' allegations" as used therein is vague and ambiguous; (iii) it is overbroad and unduly burdensome to the extent that it purports to require Defendants to speculate concerning the "personal knowledge" of persons other than Defendants and, to the extent applicable, their respective officers, directors, employees, partners,

corporate parent, subsidiaries, and affiliates; and (iv) it seeks information that is protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity or discovery protection, or that is otherwise protected from disclosure under the Applicable Rules.

Defendants further state that they do not possess a centralized source from which a complete response to this Interrogatory can be derived. Although Defendants believe that the information set forth below is reasonably reliable, it is based on Defendants' current knowledge. Defendants continue to learn further information through discovery, and anticipate that additional Persons are responsive to this Interrogatory. Defendants also cannot state that no other current or former Brevet employee or individual has relevant knowledge.

Subject to and without waiver of any of their objections, in response to Interrogatory No. 7, Defendants agree to identify certain Persons that may, upon information and belief, have knowledge of certain facts underlying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action stated in Defendants' Amended Counterclaims (Dkt. 79). Accordingly, Defendants identify the following Persons: ▇▇▇
Brevet Capital Management, LLC, Brevet Holdings, LLC, Mark Callahan▇▇▇
▇▇▇
▇▇▇ Paul Iacovacci, ▇▇▇
Johnny Lan▇ ▇▇▇ Gareth Lea▇ Douglas Monticciolo▇
▇▇▇
▇▇▇ Sam Schuster, ▇▇▇
▇▇▇

-9-

██████████████████████████████ John Tripp, ██████████████████████████████ Scott Weiss, ██████████████████████████████

       Defendants reserve the right (but do not assume the obligation) to revise, amend, correct, supplement, clarify or modify the content of this Response, in accordance with the Applicable Rules.

Dated:  January 15, 2020

                Garrard R. Beeney
                Matthew A. Schwartz
                Nicole W. Friedlander
                Corey Omer
                SULLIVAN & CROMWELL LLP
                125 Broad Street
                New York, New York  10004
                Tel:  (212) 558-4000
                Fax  (212) 558-3588
                beeneyg@sullcrom.com
                schwartzmatthew@sullcrom.com
                friedlandern@sullcrom.com
                omerc@sullcrom.com

                Philip C. Semprevivo
                Christine Laurent
                Joseph Kim
                BIEDERMANN HOENIG SEMPREVIVO
                A Professional Corporation
                One Grand Central Place
                60 East 42nd Street, Suite 660
                New York, New York  10165
                Tel:  (646) 218-7560
                Fax:  (646) 218-7510
                Philip.Semprevivo@lawbhs.com
                Christine.Laurent@lawbhs.com
                Joseph.Kim@lawbhs.com

                *Attorneys for Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, Brevet Short Duration Holdings, LLC, Douglas Monticciolo, Mark Callahan, and Johnny Lan*

## **VERIFICATION**

I, Mark Callahan, am a Managing Director of Brevet Capital Management, LLC, and am authorized to submit this verification on behalf of Defendants/Counterclaim-Plaintiffs Brevet Holdings, LLC, Brevet Capital Management, LLC, Brevet Short Duration Partners, LLC, and Brevet Short Duration Holdings, LLC. I also submit this verification in my individual capacity as a Defendant/Counterclaim-Plaintiff.

I have reviewed the foregoing *Defendants' Responses and Objections to Plaintiff's Third Set of Interrogatories*, dated January 15, 2020, and the information contained in the responses is true to the best of my knowledge, except as to those matters alleged on information and belief and, as to those matters, I believe them to be true.

_____
MARK CALLAHAN

Sworn to before me this
15th day of January, 2020.

_____
Notary Public

JOSEPH KIM
Notary Public, State of New York
No. 02KI6345001
Qualified in New York County
Commission Expires July 18, 2020

## **VERIFICATION**

I, Douglas Monticciolo, submit this verification in my individual capacity as a Defendant/Counterclaim-Plaintiff.

I have reviewed the foregoing *Defendants' Responses and Objections to Plaintiff's Third Set of Interrogatories*, dated January 15, 2020, and the information contained in the responses is true to the best of my knowledge, except as to those matters alleged on information and belief and, as to those matters, I believe them to be true.

DOUGLAS MONTICCIOLO

Sworn to before me this
15th day of January, 2020.

Notary Public

JOSEPH KIM
Notary Public, State of New York
No. 02KI6345001
Qualified in New York County
Commission Expires July 18, 2020

## **VERIFICATION**

I, Johnny Lan, submit this verification in my individual capacity as a Defendant.

I have reviewed the foregoing *Defendants' Responses and Objections to Plaintiff's Third Set of Interrogatories*, dated January 15, 2020, and the information contained in the responses is true to the best of my knowledge, except as to those matters alleged on information and belief and, as to those matters, I believe them to be true.

_____
JOHNNY LAN

Sworn to before me this
15th day of January, 2020.

_____
Notary Public

JOSEPH KIM
Notary Public, State of New York
No. 02KI6345001
Qualified in New York County
Commission Expires July 18, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants' Responses and Objections to Plaintiff's Third Set of Interrogatories* is being served by electronic mail to the designated counsel of record in the above-captioned action on this 15th day of January, 2020.

_____
Corey Omer