

**Louis M. Solomon**
Direct Phone:  +1 212 549 0400
Email:  lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 5, 2022

**Via ECF**

Honorable Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan U.S. Court House
500 Pearl Street
New York, New York 10007

**Re:**   *Paul Iacovacci v. Brevet Holdings, LLC, et al.*, Civil Action No. 1:18-cv-8048-MKV

Dear Judge Vyskocil:

All defendants (collectively "Brevet") submit this letter motion ("Motion to Seal") to respectfully request that the exhibits Plaintiff filed under provisional seal (ECF Nos. 326, 328-1– 8) be permitted to remain redacted and under seal.  All exhibits cited herein refer to those listed in Plaintiff's Supplemental Exhibit List (ECF No. 326-1).

Brevet also submits the accompanying Declaration of Mei-Li da Silva Vint ("da Silva Vint Decl."), the Chief Compliance Officer of Brevet Capital Management, LLC, in support of the Motion to Seal.  Annexed to the da Silva Vint Declaration is an appendix that identifies the exhibits that Brevet seeks to seal and the basis for each exhibit's sealing.  Specifically, Brevet requests that the exhibits, or portions of exhibits, identified in **Appendix A** be sealed because they are trade secrets and/or include information reflecting Brevet's trade secrets, they include confidential business information, including, but not limited to, the identity of clients and Brevet's handbooks and policies, and because they include non-public, personally identifiable information including addresses of non-parties, information regarding Brevet's employees' family members, and personal employment information.

Within the appendix, Brevet has identified (i) the exhibits Brevet seeks to seal; (ii) a description of each document; (iii) whether Brevet seeks to redact portions of the exhibit or withhold the exhibit from public view entirely, and, for those exhibits Brevet seeks to redact; (iv) the requested redactions. Pursuant to this Court's Individual Practices, Rule 9(B)(i), Brevet highlighted its requested redactions in yellow and filed those documents under provisional seal.

### I.   THE EXHIBITS IDENTIFIED IN BREVET'S APPENDICES SHOULD BE SEALED

Although the "courts of this country recognize a general right to inspect and copy" judicial records, the Supreme Court has held that this right is "not absolute."  *See Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978).  Instead, "[e]very court has supervisory power over its own records and files" and the decision as to access of judicial filings is "one best left to the sound discretion

Honorable Mary Kay Vyskocil
July 5, 2022
Page 2

ReedSmith

of the trial court," considering "the relevant facts and circumstances of the particular case." *Id.* at 598-99.

Courts in this district follow a three-part test to determine whether sealing is appropriate. *Sony Corp. v. Fujifilm Holdings Corp.*, 2016 U.S. Dist. LEXIS 202646, at *3 (S.D.N.Y. Oct. 28, 2016) (balancing the weight of the presumption of access that attaches to the documents sought to be filed under seal with other competing considerations like privacy interests resisting disclosure). First, the Court must determine whether the presumption of access attaches. *Id.* at *3. Second, if the document is a judicial document, the court must determine the weight of the presumption of access. *Id.* Third, "after determining the weight of the presumption of access, the [C]ourt must balance competing considerations against it." *Id.* at *4 (quotations omitted). Under this test, sealing is appropriate when "necessary to preserve higher values" and if the requested sealing is "narrowly tailored to achieve that aim." *FTC v. Vyera Pharms., LLC*, 2020 U.S. Dist. LEXIS 170592, at *5 (S.D.N.Y. Sept. 17, 2020).

Courts routinely exercise the power to seal to protect confidential business information. For instance, in *Hesse v. Sungard Sys. Int'l*, the court granted sealing of "sensitive client information and proprietary business information, including, *inter alia*, the company's billing rates and project pricing, as well as details of specific projects completed for several clients." 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013). Similarly, the court in *GoSmile, Inc. v. Levine* granted sealing over "highly proprietary material concerning the defendants' marketing strategies [and] product development." 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011); *see also Vyera Pharms., LLC*, 2020 U.S. Dist. LEXIS 170592 at *6-7 (permitting redaction of "commercially and competitively sensitive nonpublic information" in pleadings). Courts routinely seal exhibits to motions for summary judgment containing confidential financial information as well as documents subject to confidentiality agreements. *See Letchford v. Scotwork (N. Am.) Inc.*, 2020 U.S. Dist. LEXIS 221770, at *3-4 (S.D.N.Y. Nov. 24, 2020) (granting redaction of exhibits filed in conjunction with motion for summary judgment, and remarking that "the parties' interest in maintaining the confidentiality of this financial information is sufficient to rebut the common-law presumption of access"); *Ramirez v. Temin & Co.*, 2020 U.S. Dist. LEXIS 216034, at *17-18 (S.D.N.Y. Nov. 18, 2020) (sealing business information in complaint and key document cited therein that were subject to confidentiality agreements and protected by confidentiality measures).

Brevet's interest in maintaining the confidentiality over the documents it designated as confidential is sufficient to rebut the common-law presumption of access. The exhibits and information identified in Appendices A constitute Brevet's confidential, financial business information (da Silva Vint Decl. ¶¶ 3-9). Those exhibits include information such as Brevet's business model and strategies, Brevet's internal presentations and presentations provided to investors, the identities of Brevet's clients and their financial information, and Brevet's policies and handbooks, all of which Brevet internally maintains as confidential and are not publicly available. In addition, the exhibits identified in Appendix A should also be sealed because they consist of Brevet's trade secrets, or include information reflecting Brevet's trade secrets, because where litigation "requires disclosure of trade secrets," sealing is warranted. *In re N.Y. Times Co.*, 577 F.3d 401, 410 n.4 (2d Cir. 2009).

With respect to Exhibit 202 (Brevet Corporate Organizational Chart, Sept. 15, 2016 (ECF No. 328-8)), Brevet respectfully requests that the portions of Brevet's Corporate Organizational Chart that



Honorable Mary Kay Vyskocil
July 5, 2022
Page 3

were previously filed as ECF No. 308-66 remain under seal, as well as the additional redactions made to Exhibit 202.

Finally, Exhibit 191 (ECF No. 328-5) identified in Appendix A should be sealed because they include, quote from, or constitute personal information that is not available to the public and would serve no public interest if filed publicly. *Letchford*, 2020 U.S. Dist. LEXIS 221770 at *3 (finding the interest in maintaining the confidentiality of personal information sufficient to rebut the common-law presumption of access). The Second Circuit has made clear that the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); *see also Oliver Wyman, Inc. v. Eielson,* 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing employment information of non-parties).

As such, Brevet respectfully requests that the exhibits in Appendix A remain redacted and/or under seal.

Respectfully submitted,

*/s/ Louis M. Solomon*

Louis M. Solomon

cc:     Plaintiff's Counsel (via ECF)