**CYRULNIK FATTARUSO LLP**

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

July 8, 2022

**By ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re: *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV

Dear Judge Vyskocil:

I write on behalf of Plaintiff, Paul Iacovacci, in response to Defendants' ("Brevet's") request (Dkt. 336) to withhold or redact from public view certain exhibits submitted in connection with Plaintiff's reply in support of summary judgment.[1] Most of Brevet's requests should be denied because of the non-sensitive nature of the documents and the high bar for sealing documents at the summary judgment stage. In the Second Circuit, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches," and "should not remain under seal absent the most compelling reasons." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121, 123 (2d Cir. 2006).

Brevet filed as Appendix A in support of its motion to seal (Dkt. 337-1) a list of documents to withhold or redact because they contain purported trade secrets, confidential business information, or personal information. Attached to this letter as Plaintiff's Appendix 2 is a chart containing Brevet's requests and providing Plaintiff's response with respect to each document.[2]

### A. Brevet has not established that its purported "trade secrets" and "business information" are sufficiently sensitive to warrant sealing

The "party seeking to keep documents under seal 'must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.'" *E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012). "Although business information need not be a 'trade secret' in order to remain sealed or redacted, district courts in the Second Circuit consider trade secret law 'in determining whether information is sufficiently valuable and secret to afford an actual or

---

[1] Plaintiff's Supplemental Exhibit List is Dkt. 326-1.
[2] Plaintiff submitted Plaintiff's Appendix 1, Dkt. 312-1, in response to Brevet's motion to seal documents submitted in connection with the parties' opening summary judgment briefs.

potential economic advantage over others.'" *Olvera v. Mazzone Mgmt. Grp.*, 2018 WL 2137882, at *2 (N.D.N.Y. May 9, 2018).

Brevet has not made the requisite "particular and specific demonstration" that "disclosure would result in an injury sufficiently serious to warrant protection." *E.E.O.C.*, 2012 WL 691545 at *3. Brevet's declaration in support of its motion (Dkt. 337) consists almost entirely of conclusory, blanket statements about the documents, exactly the type of "broad allegations" that are insufficient. Brevet's only representations of potential competitive harm are its generic, unsubstantiated statements that disclosure of "Brevet's confidential business information" and "Brevet's trade secrets" would "place Brevet at a competitive disadvantage by allowing competitors to use that information to compete better with Brevet without expending similar resources." Dkt. 337 ¶¶ 5, 9. There is no information about how disclosure of the specific documents at issue would result in competitive harm.

Moreover, the vague descriptions in Brevet's declaration and appendix are insufficient to establish that the documents contain trade secret or proprietary information at all. For example, Brevet requests that certain excerpts of Ex. 189 (Dinershteyn Transcript, Vol I) be redacted for containing information "related to Brevet's business." Dkt. 337-1 at 1. Examination of the documents reveals that many do not in fact relate to sensitive deal or client information, and Brevet's requests should be rejected.

### B. Years-old information is stale and does not warrant sealing

Much of the information Brevet seeks to seal is from 2016 or earlier, including documents from 2004 and 2006 of an alleged "predecessor" entity. "Stale business records cannot support the necessary finding of harm, and therefore 'cannot overcome the public's strong interest in disclosure.'" *Dawson v. Merck & Co.*, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021); *Zavala v. Wal-Mart Corp.*, 2007 WL 2688934, at *10 (D.N.J. Sept. 12, 2007) (denying motion to seal where "the materials date back to more than three years ago, supporting the stale nature of these documents"). Brevet has not met its burden of establishing a risk of *current* competitive harm from the disclosure of those outdated documents. *See Mosallem v. Berenson*, 905 N.Y.S.2d 575, 580 (N.Y. App. Div. 2010) (declining to seal where no showing that disclosure "would cause harm to [defendant's] present-day business").

### C. Policies, procedures, and handbooks do not warrant sealing

Brevet seeks to seal a 2006 employee handbook (Ex. 188) of an alleged predecessor entity, FCS Advisors, Inc. But company policy and procedure documents, including employee handbooks, do not warrant sealing. *See, e.g.*, *Morris v. Jetblue Airways Corp.*, 2015 WL 8042227, at *3 (E.D.N.Y. Dec. 3, 2015) (exhibits including employee handbook "do not implicate 'countervailing factors' sufficient to rebut even a weak presumption of access to judicial documents"); *Barrett v. Forest Labs., Inc.*, 2015 WL 3851860, at *2 (S.D.N.Y. June 11, 2015) (denying motion to seal documents including compensation practices and salary review procedures). Even if they did, this handbook is over 15 years old and stale on its face.

### D. Documents concerning business structure or corporate organization do not warrant sealing

Brevet seeks to seal deposition excerpts purportedly discussing Brevet's corporate structure (Exs. 189, 190), as well as an organizational chart (Ex. 202). But information about business structure or corporate organization does not warrant sealing. *See, e.g.*, *F.T.C. v. AMG Servs.*, 2012 WL 3562027, at *2 (D. Nev. Aug. 15, 2012) (declining to seal declaration that "details identity of clients, services performed for clients, corporate and ownership structures of entities"); *Signicast, LLC v. Fireman's Fund Ins.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013) (declining to seal documents concerning plaintiff's "ownership structure and the individuals and entities who compose it").

*   *   *

We thank the Court for its attention to this matter.

                                                    Respectfully,

                                                    /s/ Jason Cyrulnik

                                                    Jason Cyrulnik

cc: Counsel of record (by ECF)