

**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 13, 2022

**By ECF**

The Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   Iacovacci v. Brevet Holdings, LLC, *et al*.,** Civ. No. 1:18-cv-8048-MKV

Dear Judge Vyskocil:

We write in support of Brevet's letter motion, dated July 6, 2022 (ECF No. 336). Contrary to Plaintiff's arguments, the exhibits referenced in Appendix A (ECF No. 337-1) warrant sealing. We address each of Plaintiff's arguments in turn, as well as in the attached **Appendix B**:

*(i)   Brevet has established that trade secrets and business information warrant sealing*

Brevet has provided sufficient evidence that the documents in Appendix A constitute or contain Brevet's confidential trade secrets and confidential business information. Mei-Li da Silva Vint, the Chief Compliance Officer of Brevet, stated that the exhibits in Appendix A include confidential business information and the following trade secrets: investor lists, sourcing clients, presentation materials, policies and procedures, deal sourcing strategy and process, and closing transaction policies, the public disclosure of which would place Brevet at a competitive disadvantage by allowing competitors to use that information to compete with Brevet without expending resources similar to those devoted by Brevet (ECF No. 337 "da Silva Vint Decl." at ¶¶ 5-7). Contrary to Plaintiff's suggestion that Brevet has not established that the documents it seeks to seal or redact are trade secrets or business information, Appendix A provides brief summaries and descriptions of the documents for which redactions or sealing is sought. Further, Plaintiff states that certain excerpts of Ex. 189 should not be redacted as they do not relate to sensitive deal or client information. However, the proposed redactions in Ex. 189 relate to Brevet's corporate structure, thereby relating to Brevet's business.

*(ii)   The information Brevet seeks to seal is not stale*

Plaintiff asserts that many of the documents Brevet seeks to seal are from 2016 or earlier, and therefore must be stale. However, the information that Brevet seeks to seal continues to serve as the basis for the current policies, handbooks, and business presentations and agreements that are presently used by Brevet and provide valuable insight into Brevet's current business model, practices, and policies. Courts in this District have held that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a

The Hon. Mary Kay Vyskocil
July 13, 2022
Page 2



competitor would seek to exploit" and thus warrant sealing. *Encyclopedia Brown Prods. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that information dating back to 1991, *i.e.*, seven years earlier, should be sealed). The exhibits and information that Brevet identified in Appendix A constitutes Brevet's confidential, financial business information which *continue* to be the basis of Brevet's business model and strategies, as well as Brevet's internal presentations and presentations provided to investors, the identities of Brevet's clients, and Brevet's agreements with its clients – all of which Brevet internally maintains as confidential and are not publicly available (da Silva Vint Decl. at ¶¶ 3-11).

In *Vellali v. Yale Univ.*, the court granted the sealing of documents that were arguably stale where the disclosure of the information would interfere with the moving party's present contracts with other clients and in addition, put the moving party at an unfair disadvantage by allowing its competitors to use the information in pitching their own services. No. 3:16-cv-1345 (AWT), 2021 U.S. Dist. LEXIS 192336, at *5-6 (D. Conn. Sept. 30, 2021). Similarly here, the disclosure of Brevet's presentations provided to investors, the identities of Brevet's clients, policies and handbooks, and confidentiality agreements would allow Brevet's competitors to use that information against Brevet and would interfere with Brevet's current business and dealings with current clients and put Brevet at an unfair disadvantage.

   (iii)   *Policies, procedures, and employee handbook warrant sealing*

The FCS Advisors, Inc. employee handbook is exactly the type of document that warrants sealing. Confidential, competitively sensitive business information contained in documents is "a well-recognized basis for overcoming a strong presumption against sealing." *See, e.g.*, *Sam Dyer & SMR Dyer Farms LLC, v. Agri-Mark, Inc.*, No. 8:21-cv-01374-GTS-CFH, 2022 U.S. Dist. LEXIS 13838, at *5-6 (N.D.N.Y. Jan. 21, 2022) (granting motion to seal by-laws and internal plans because the defendant's "privacy interests in the competitively-sensitive, confidential, business information [are] contained in these documents"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 1:17-cv-00598 (BKS/CFH), 2021 LEXIS 109621, at *3 (N.D.N.Y. June 11, 2021) (granting motion to seal exhibits containing "confidential sales and market share information"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies). "[C]onfidential business internal policies and procedures are appropriately sealed because the public disclosure of such policies has the potential to cause competitive injury." *See Sam Dyer*, 2022 U.S. Dist. LEXIS 13838, at *5-6. The policies, procedures, and handbooks which Brevet seeks to seal and redact contain confidential trade secrets and business information regarding Brevet's predecessor's internal policies and business, which are not freely disclosed and inform Brevet's *current* practices (da Silva Vint Decl. at ¶ 10).

   (iv)   *Documents Concerning Brevet's Corporate Organization warrant sealing*

The information related to Brevet's business structure and corporate organization is not publicly disseminated and is confidential. *Mader v. Experian Info. Sols., LLC*, No. 19 Civ. 3787 (LGS), 2021 U.S. Dist. LEXIS 53321, at *4 (S.D.N.Y. Mar. 22, 2021) (granting sealing of exhibits which contained information about business structure, business practices, and identities of employees that "competitors

The Hon. Mary Kay Vyskocil
July 13, 2022
Page 3



might use to gain a competitive advantage."). Accordingly, deposition testimony discussing Brevet's corporate structure, and the organizational chart should continue to remain under seal, as Brevet's business structure and corporate organization is a trade secret and confidential business information.

      As such, Brevet requests that the exhibits in Appendix A remain redacted and/or under seal. We thank the Court for its consideration of this request.

Respectfully,

Louis M. Solomon


cc: Counsel of Record (by ECF)