*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Defendants' Appendix B**

*Indicates withheld document, rather than redacted

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| Ex. 187<br><br>ECF No. 338-1 | DEL00063463 – DEL00063483 (July 19, 2004 email with attachment "Brevet Capital Presentation") | Redact the following information as Trade Secret and Confidential Business Information:<br>o Brevet Capital LLC presentation dated July 2004 | This document is from 2004. Stale business records do not warrant sealing. *See* Plaintiff's Letter at Section B. Moreover, the document is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. | The documents warrant sealing because they contain confidential and competitively sensitive business information and trade secrets not routinely disclosed and should remain under seal. *See* Brevet's Reply Letter at section (i).<br><br>Further, this information is not stale because it continues to be the basis of Brevet's business model and strategies. *See* Brevet's Reply Letter at section (ii). |
| Ex. 188<br><br>ECF No. 338-2 | BREVET 000598 – BREVET 000636 (FCS Advisors, Inc., Employee Handbook, June 2006). | Withhold the following information as Trade Secret and Confidential Business Information:<br>o FCS Advisors, Inc., Employee Handbook, June 2006 | Employee handbooks do not warrant sealing. *See* Plaintiff's Letter at Section C. Moreover, this document is from 2006, and stale business records do not warrant sealing. *See* Plaintiff's Letter at Section B. Further, the document is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. | FCS Advisors, Inc.'s policies and procedures warrant sealing because they contain confidential and competitively sensitive business information and trade secrets which are routinely not disclosed. *See* Brevet's Reply Letter at section (i), (iii).<br><br>Further, this information is not stale because it continues to be the basis of Brevet's business model and strategies. *See* Brevet's Reply Letter at section (ii). |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| Ex. 189<br><br>ECF No. 338-3 | Dinershteyn Deposition Transcript, Volume 1 (Oct. 4, 2021) | Redact the following information as Trade Secret and Confidential Business Information related to Brevet's business:<br>○ Tr: 22-24.<br>○ Tr. 84:18-20<br>○ Tr. 85:12-25<br>○ Tr. 86:19-25<br>○ Tr. 87:2-17<br>○ Tr. 89:6-15<br>○ Tr. 91:15-25<br>○ Tr. 92:2-5<br>○ Tr. 94:5-6<br>○ Tr. 95:7, 17<br><br>Redact the following information as Trade Secret and Confidential Business Information related to Brevet's company structure:<br>○ Tr. 54-60.<br>○ Tr. 63:22-23<br>○ Tr. 64:2-3<br>○ Tr. 65:3-4<br>○ Tr. 68:3,15,17,25<br>○ Tr. 69:11, 16, 22<br>○ Tr. 70: 4, 6, 10, 12, 1, 24<br>○ Tr. 71:3, 7, 8, 11, 14<br>○ Tr. 72: 8-11, 14, 18<br>○ Tr. 73:5, 1, 24-25 | • This testimony is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. Moreover, Dinershteyn left Brevet in 2018. These statements are stale and do not warrant sealing. *See* Plaintiff's Letter at Section B.<br><br>• Statements about business structure or corporate organization do not warrant sealing. *See* Plaintiff's Letter at Section D. Moreover, Dinershteyn left Brevet in 2018. These statements are stale and do not warrant sealing. *See* Plaintiff's Letter at Section B. Further, this testimony is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. | This deposition warrants sealing because it contain confidential and competitively sensitive business information and trade secrets not routinely disclosed. *See* Brevet's Reply Letter at section (i), (iv).<br><br>Information related to Brevet's corporate structure warrant sealing because it contains confidential and competitively sensitive business information which are not routinely disclosed. *See* Brevet's Reply Letter at section (iv).<br><br>This information is not stale because it continues to be the basis of Brevet's business model and strategies. *See* Brevet's Reply Letter at section (ii). |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| | | <ul><li>Tr. 74:9-22</li><li>Tr. 75:2-6</li><li>Tr. 75:3-23</li><li>Tr. 77:2-6, 13, 23-25</li><li>Tr. 78:2-3, 14</li><li>Tr. 79:23-25</li><li>Tr. 80:2-21</li></ul>Redact the following information as Trade Secret and Confidential Business Information related to J. Tripp Separation Agreement:<ul><li>Tr. 104:7-105:15</li><li>Tr. 106:9-25</li><li>Tr. 107:2-23</li><li>Tr. 108:9-11</li><li>Tr. 109:7-15</li><li>Tr. 110:7-11</li><li>Tr. 113:17-22</li><li>Tr. 114:16-25</li><li>Tr. 115:2-3, 19-25</li><li>Tr. 116:2-8</li></ul> | • Plaintiff takes no position as to whether Brevet has met its burden with respect to the following excerpts: Tr. 104:7- 105:15, 106:9-25, 107:2-23, 108:9-11, 115:19-25, 116:2-8. Plaintiff opposes sealing the remaining excerpts, which do not concern the J. Tripp Separation Agreement and concern payments to Iacovacci: Tr. 109:7-15, 110:7-11, 113:17-22, 114:16-25, 115:2-3. Brevet has not met its burden with respect to those excerpts. *See* Plaintiff's Letter at Section A. Moreover, Dinershteyn left Brevet in 2018, and Iacovacci left Brevet in 2016. These statements are stale and do not warrant sealing. | |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| | | Redact the following information as Confidential Personal Information<br>○ Tr. 6:15-17<br>○ Tr. 21:23-22:3 | *See* Plaintiff's Letter at Section B.<br><br>• Plaintiff takes no position as to whether Brevet has met its burden with respect to this request. | |
| Ex. 190<br><br>ECF No. 338-4 | Dinershteyn Deposition Transcript Volume 2 (Oct. 18, 2021) | Redact the following information as Confidential Business Information related to company finances and structure<br>○ Tr. 138:22-23<br>○ Tr. 139:7-8<br>○ Tr. 140:23-141:2<br>○ Tr. 141:20-142:14<br>○ Tr. 143:8-9; 13-16; 18-20; 24<br>○ Tr. 144:21-25<br>○ Tr. 145:7-8; 15-18; 21-25<br>○ Tr. 146:2-4; 6-10; 13-22; 25<br>○ Tr. 147:2-12; 15; 17-18; 21-22<br>○ Tr. 148:3; 18-19<br>○ Tr. 153:14-15; 20-21; 24-25<br>○ Tr. 154:2-4; 11-16<br>○ Tr. 155:7-16<br>○ Tr. 156:2-18 | This testimony is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. Moreover, statements about business structure or corporate organization do not warrant sealing. *See* Plaintiff's Letter at Section D. Further, Dinershteyn left Brevet in 2018, and much of the testimony relates to earlier time periods. These statements are stale and do not warrant sealing. *See* Plaintiff's Letter at Section B. | This deposition warrants sealing because it contain confidential and competitively sensitive business information and trade secrets not routinely disclosed. *See* Brevet's Reply Letter at section (i).<br><br>Information related to Brevet's corporate structure warrant sealing because it contains confidential and competitively sensitive business information which are not routinely disclosed. *See* Brevet's Reply Letter at section (iv).<br><br>This information is not stale because it continues to be the basis of Brevet's business model and strategies. *See* Brevet's Reply Letter at section (ii). |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| | | <ul><li>Tr. 157:9-25</li><li>Tr. 158:3-6; 8-11; 13-14; 17-25</li><li>Tr. 159:2-3; 6-8; 13-16; 20-23</li><li>Tr. 160:10; 15-16</li><li>Tr. 161:2-3</li><li>Tr. 168:11-13</li><li>Tr. 173:13-19</li><li>Tr. 179:23-180:10</li><li>Tr. 182:23-25</li><li>Tr. 183:17-184:9</li><li>Tr. 189:2; 11-12; 17-25</li><li>Tr. 190:2-4; 6-8; 13; 15-18; 21-25</li><li>Tr. 191:2; 5-7</li><li>Tr. 192:13-15</li><li>Tr. 194:8-9</li><li>Tr. 198:16</li><li>Tr. 199:18-19; 22-23</li><li>Tr. 200:20</li><li>Tr. 202:10-11; 15; 23-24</li><li>Tr. 203: 2-4</li><li>Tr. 204:9; 14; 20-24</li><li>Tr. 205:3-8</li><li>Tr. 206:3; 17; 19; 23-24</li><li>Tr. 207:2-22</li><li>Tr. 208:2; 8-10; 12-13</li></ul> | | |

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| | | <ul><li>Tr. 209:3-17</li><li>Tr. 212:20-25</li><li>Tr. 213:2; 5</li><li>Tr. 215:4-9; 21-25</li><li>Tr. 216: 3-9; 24-25</li><li>Tr. 217: 4-5; 7-11; 14-19; 24-25</li><li>Tr. 218: 2; 5</li><li>Tr. 221:16</li><li>Tr. 223:6-9</li><li>Tr. 224:5-6; 8-9</li><li>Tr. 225:8-9; 21-23</li><li>Tr. 226:13-14</li><li>Tr. 231:6-9; 12-16; 19-24</li><li>Tr. 238:13-17; 21-25</li><li>Tr. 250:3-8</li></ul> | | |
| Ex. 191<br><br>ECF No. 338-5 | BREVETNEW-011399 – BREVETNEW-011400 (June 24, 2016 email with attachment "Employee Document List 2016-05.xlsx") | Redact the following information as Confidential Business Information and Personal Information:<ul><li>Employee Document List 2016-05</li></ul> | Plaintiff takes no position as to whether Brevet has met its burden with respect to redacting employee names and titles, the first two columns on Ex. 191 p. 3.<br><br>Plaintiff opposes the remaining redactions in this document, which are not necessary to protect personal information. This information is innocuous, and Brevet has not met its burden of establishing its competitive sensitivity. *See* Plaintiff's Letter at Section A. | This document contains competitively sensitive business information not routinely disclosed. *See* Brevet's Reply Letter at section (i).<br><br>Brevet's proposed redactions are properly tailored, as the redactions relate to employee benefits and the terms of employment. |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| Ex. 199<br><br>ECF No. 338-6 | BREVET022753 – BREVET022758<br><br>(Sept. 30, 2015 email with attachment) | Redact the following information as Trade Secret and Confidential Business Information:<br>o Identifying potential Brevet client; and<br>o NDA between Brevet and potential Brevet client. | Plaintiff takes no position as to whether Brevet has met its burden with respect to the request to seal information identifying a third party. However, Brevet's proposed redactions to pp. 1-2 are not properly tailored, and are much broader than identifying information. Brevet has not met its burden with respect to those additional redactions, and the request should be rejected. *See* Plaintiff's Letter at Section A.<br><br>The NDA attachment (BREVET 022755 – 022758) does not warrant redaction in full. The document, which is an unexecuted draft, is from 2015 and is stale and generic. *See* Plaintiff's Letter at Sections A & B; *see also* Dkt. 308-45, Ex. 25 at 10 n. 21 (expert report describing this document as "similar to innumerable other NDAs" and "not a commercially sensitive document"). | This document contains trade secrets and competitively sensitive business information not routinely disclosed. *See* Brevet's Reply Letter at section (i).<br><br>Further, Brevet's proposed redactions are properly tailored, as the potential Brevet client and details related to their correspondence were redacted. The NDA, which contained client details were properly redacted. |

*Iacovacci v. Brevet Holdings, LLC*, No. 1:18-cv-8048-MKV
**Plaintiff's Appendix 2**

| Exhibit | Document | Brevet Position | Plaintiff Response | Brevet's Reply |
|---|---|---|---|---|
| Ex. 200<br><br>ECF No. 338-7 | BREVET-REPRO-0062542 – BREVET-REPRO-0062544<br><br>(Sept. 2016 correspondence between Paul Iacovacci and Mark Callahan) | Redact the following information as Trade Secret and Confidential Business Information:<br>o Identifying potential Brevet client. | Plaintiff takes no position as to whether Brevet has met its burden with respect to the request to seal information identifying a third party. However, Brevet's proposed redactions are not properly tailored, and are much broader than identifying information. Brevet has not met its burden with respect to those additional redactions, and the request should be rejected. *See* Plaintiff's Letter at Section A. | This document contains trade secrets and competitively sensitive business information not routinely disclosed. *See* Brevet's Reply Letter at section (i).<br><br>Brevet's proposed redactions are properly tailored, as the potential Brevet client and details related to their correspondence were appropriately redacted. |
| Ex. 202<br><br>ECF No. 338-8 | BREVET-REPRO-0067954 – BREVET-REPRO-0067961<br><br>(Brevet Corporate Organizational Chart, Sept. 15, 2016) * | Redact the following information as Trade Secret and Confidential Business Information:<br>o Brevet organization charts | This organization chart is from 2016. This information is stale, innocuous, and does not warrant sealing. *See* Plaintiff's Letter at Sections A & B. Moreover, information about corporate organization does not warrant sealing. *See* Plaintiff's Letter at Section D. | Brevet's organization charts warrant sealing because it contains confidential and competitively sensitive business information which are not routinely disclosed. *See* Brevet's Reply Letter at section (ii), (iv).<br><br>This information is not stale because it continues to be the basis of Brevet's business model and strategies. *See* Brevet's Reply Letter at section (iii). |