UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL IACOVACCI,

                    Plaintiff,

          -against-

BREVET HOLDINGS, LLC et al,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 1, 2023

**<u>ORDER ON LETTER
MOTION TO SEAL</u>**
18-cv-8048 (MKV) (VF)

**VALERIE FIGUEREDO, United States Magistrate Judge**

      On April 28, 2023, Plaintiff submitted a letter (ECF No. 350) requesting that this Court seal two exhibits submitted in connection with the parties' motions for summary judgment. Plaintiff seeks to file under seal his 2015 personal joint tax return with his wife (ECF No. 292-1 and 292-2) and to file portions of his October 2021 deposition with limited redactions (ECF Nos. 279-1 at Tr. 48:16-51:17). To date, this motion is unopposed. Having reviewed the letter, the request to seal the 2015 personal joint tax return and to file the deposition transcript with limited redactions is **GRANTED.**

      The declaration submitted by Mr. Iacovacci in support of his request states that the 2015 personal income tax return of him and his wife "contains sensitive personal and financial information of [him] and [his] family." ECF No. 351. Courts routinely seal tax returns as sensitive non-public information. See <u>Saleem v. Corporate Transp. Grp.</u>, 52 F. Supp. 3d 526, 546 (S.D.N.Y. 2014) (ordering plaintiff's tax returns to be filed under seal because they "contain sensitive financial information"); <u>Solomon v. Seimens Indus., Inc.</u>, 8 F. Supp. 3d 261, 285-86 (E.D.N.Y. 2014) ("Tax returns are generally afforded special protection from public disclosure.")

1

(citing cases). Because Plaintiff's 2015 personal income tax return contains sensitive personal and financial information, filing it under seal is warranted.

Plaintiff's letter further states that the relevant portions of the Iacovacci deposition contain "sensitive, recent profit-and-loss information about a third party, Enascor, LLC, that if disclosed, would likely cause competitive harm." See also Iacovacci Declaration, ECF No. 351. Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). Further, the privacy interests of third-party Enascor, whose information would otherwise be publicly disclosed, weighs in favor of the request to seal. See Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20-CV-10832 (AT), 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) ("'[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' when deciding whether to seal certain materials.") (quoting Mirlis v. Greer, 952 F.3d 51, 61 (2d Cir. 2020)) (alteration in the original). Because the information relates to competitively sensitive financial information of a third party, the limited redactions proposed by Plaintiff are also warranted.

## CONCLUSION

Based on the standard set forth by the Second Circuit in <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110 (2d Cir. 2006), Plaintiff's letter motion to seal and redact should be **GRANTED**. The Court directs the Clerk of Court terminate the motion at ECF No 350.

Date: June 1, 2023
    New York, New York

                                        Respectfully submitted,

_____
VALERIE FIGUEREDO
United States Magistrate Judge