USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL IACOVACCI,

            Plaintiff,

-against-

BREVET HOLDINGS, LLC, *et al.*,

            Defendants.

1:18-cv-08048-MKV

**OPINION AND ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION**

---

MARY KAY VYSKOCIL, United States District Judge:

    Defendants Brevet Holdings, LLC; Brevet Capital Management, LLC; Brevet Short Duration Partners, LLC; Brevet Short Duration Holdings, LLC; Douglas Monticciolo; Mark Callahan; and Johnny Lan (collectively, "Brevet") move for partial reconsideration of this Court's March 24, 2023 Opinion and Order granting in part and denying in part motions for summary judgment. *See* Opinion and Order [ECF No. 346] ("Op."). Specifically, Brevet seeks reconsideration of that portion of the Court's Opinion and Order denying summary judgment on Plaintiff Iacovacci's Stored Communications Act ("SCA") claim. *See* Op. 14–15. For the following reasons, the motion is denied.

## BACKGROUND

    The Court assumes familiarity with the facts and procedural history of this much litigated, nearly five-year-old case. The Court resolved the parties' competing motions for summary judgment in a 34-page opinion issued in March 2023. Relevant here, one of the claims at issue was Iacovacci's SCA claim, which alleges that Defendants violated the SCA when Defendant Lan remotely accessed the Yahoo! email account of Iacovacci, a former employee of Brevet.

    The Court found that there were genuine disputes of material fact with respect to Iacovacci's SCA claim and accordingly, denied Brevet's motion for summary judgment on that

1

claim.  *See* Op. 14–15.  Specifically, the Opinion concluded that there were genuine disputes regarding whether Defendants "obtained" any of Iacovacci's emails and whether any such access was authorized.

## LEGAL STANDARD

Reconsideration of an earlier decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (citation and quotation marks omitted).  To succeed on such a motion, Brevet "carries a heavy burden." *In re Taneja*, No. 17-CV-9429 (JGK), 2019 WL 1949839, at *1 (S.D.N.Y. Apr. 19, 2019).  Reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  The decision to grant or deny reconsideration "rests within the sound discretion of the district court." *Vincent v. Money Store*, No. 03 CIV. 2876 JGK, 2014 WL 1673375, at *1 (S.D.N.Y. Apr. 28, 2014) (citation omitted).

## DISCUSSION

Brevet urges the Court to reconsider its summary judgment ruling on Iacovacci's SCA claim because, Brevet contends, Iacovacci "has offered no evidence that Brevet's employee Johnny Lan ever 'intentionally accesse[d] . . . a facility through which an electronic communication service is provided' as required by the SCA."  Reply Memorandum of Law 1 [ECF No. 352]

("Reply"). Specifically, Brevet argues that "Lan connected only with the Brevet computer, not the Yahoo! email server, and the only information Lan obtained . . . was already present on . . . [Iacovacci's] computer." Reply 5. Pointing to the Second Circuit's ruling in *Yukos Cap. S.A.R.L. v. Feldman*, Brevet contends that emails that have been "downloaded onto . . . computers" are "not 'in electronic storage' within the meaning of the [SCA]." 977 F.3d 216, 232 (2d Cir. 2020). Because the Yahoo! email inbox was already open in Iacovacci's web browser at the time Lan accessed the computer, Brevet contends that it was effectively "already . . . downloaded," thereby precluding application of the SCA. Reply 5.

Brevet has not carried the "heavy burden" necessary to prevail on a motion for reconsideration. As an initial matter, many of the arguments raised by Brevet in its motion for reconsideration were not raised in its summary judgment briefing. Brevet's opening summary judgment brief vaguely asserted—without citing *any* legal authority—that Iacovacci's claims were insufficient because Iacovacci only alleged that "Lan snapped a photo of the open screen." Memorandum of Law in Support 21 [ECF No. 285]. Brevet did *not* contend, as it does now, that because the Yahoo! email inbox was already open in Iacovacci's web browser, the emails were effectively "already . . . downloaded," precluding application of the SCA under *Yukos*. Because reconsideration is "*not* a vehicle for relitigating old issues" or "presenting the case under new theories," Brevet's motion is both inappropriate and unwarranted. *Analytical Surveys*, 684 F.3d at 52.

Even if these arguments *were* properly raised, the motion would still fail because Brevet points to no controlling authority indicating that it is entitled to summary judgment. Indeed, the one controlling citation provided by Brevet, *Yukos*, indicates the opposite. There, the Second Circuit held that emails that have been "*downloaded* onto . . . computers . . . [are] not 'in electronic

3

storage' within the meaning of the [SCA]." 977 F.3d at 232 (emphasis added). But there is no indication that the Yahoo! emails at issue here were *downloaded* onto Iacovacci's computer. Instead, Lan viewed Iacovacci's emails in his *live* Yahoo! web browser. *See* Exhibit 182 [ECF No. 287-66]. This issue was explicitly not reached by the *Yukos* court—which noted that it did *not* "consider whether [the] emails were in 'electronic storage' while they were in [the defendant's] gmail account." 977 F.3d at 233 n.10. Because *Yukos* did not address the issue posed here, it does not "alter the conclusion reached by the court" with respect to the SCA claim. *Shrader*, 70 F.3d at 257.

This is not Brevet's first time filing a motion for reconsideration.[1] Brevet may not file a motion for reconsideration each time it is unhappy with a ruling of the Court. The Court will not tolerate further frivolous delays, and both parties should be prepared to litigate this several-year-old case expeditiously.

## CONCLUSION

The motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate docket entry 347.

**SO ORDERED.**
**Date: June 22, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] Brevet moved to dismiss Iacovacci's complaint in November 2018, which was denied by Judge Keenan. *See* Opinion and Order [ECF No. 49]. Brevet moved for reconsideration of that decision, *see* Motion for Reconsideration [ECF No. 53], which was denied by Judge Pauley. *See* Memorandum and Order [ECF No. 67].