UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL IACOVACCI,

           Plaintiff,

-against-

BREVET HOLDINGS, LLC *et al.*,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2023

1:18-cv-08048-MKV

**ORDER DENYING OBJECTION TO SEALING ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Paul Iacovacci timely filed a partial Objection [ECF No. 382] ("Pl. Obj.") to Magistrate Judge Valerie Figueredo's June 26, 2023 Order on Defendants' Letter Motions to Seal [ECF No. 373] (the "Sealing Order"). Defendants opposed. [ECF No. 384] ("Def. Opp."). For the following reasons, Plaintiff's Objection is DENIED.

    "A district court evaluating a magistrate judge's order with respect to a matter not dispositive of a claim or defense may adopt the magistrate judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law." *Novick v. AXA Network, LLC*, No. 07CIV7767AKHKNF, 2014 WL 12797254, at *1 (S.D.N.Y. Mar. 19, 2014) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)); *see also MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15CIV4891LGSDCF, 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017). Because the Sealing Order was not dispositive of any claim or defense, the Court reviews the Sealing Order for clear error and accordance with law.

    The Sealing Order is neither clearly erroneous nor contrary to law. Plaintiff's sole argument in support of his Objection is that Magistrate Judge Figueredo sealed certain documents—and briefs and deposition testimony quoting those documents—that are publicly

available because they were previously docketed in New York state court actions. *See* Pl. Obj. 1–2. "The fact that a document has been publicly available weighs against sealing it." *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *3 (S.D.N.Y. Oct. 26, 2022). However, the public availability of a document is not dispositive of a court's sealing analysis. *See In re Motion for Civ. Contempt By John Doe*, No. 12-MC-0557 (BMC), 2016 WL 3460368, at *4–*6 (E.D.N.Y. June 22, 2016), *aff'd sub nom. Doe v. Lerner*, 688 F. App'x 49 (2d Cir. 2017); Def. Opp. 3–4. Thus, Magistrate Judge Figueredo did not commit clear error or act contrary to law in sealing the relevant documents despite their public availability. Moreover, Plaintiff has not identified any prejudice resulting from the Sealing Order. The Court cautions Plaintiff that needlessly protracting routine sealing motion practice at this stage of the litigation is an abuse of the Court's resources. *See* Def. Opp. 4–5. As the Court has previously noted, any sealing order will be revisited at trial, where "the rules with respect to what is a matter of public record are entirely different." [ECF No. 263 at 33:21–34:2].

For the foregoing reasons, Plaintiff's Objection to Magistrate Judge Figueredo's Sealing Order is DENIED.

**SO ORDERED.**
Date:  October 11, 2023  
      New York, NY

**MARY KAY VYSKOCIL**  
**United States District Judge**