UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAUL IACOVACCI,

                      Plaintiff,                  **18-cv-8048 (MKV) (VF)**

       -against-                                    **ORDER**

BREVET HOLDINGS, LLC et al,

                      Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      On October 26, 2023, the Court held a conference to address Defendants' pending motion to seal and motion for sanctions at ECF No. 376. For the reasons stated at the conference, the motion to seal and the motion for sanctions are denied.

      On June 23, 2023, the Court held a conference at which it ruled that the nine exhibits listed in Appendix D of Defendants' motion to seal (see ECF No. 361-1) are to remain under seal. See ECF No. 373 at 1-2. At the time, the Court relied on a case cited by Brevet, In re Motion for Civil Contempt By John Doe, No. 12-MC-0557 (BMC), 2016 WL 3460368, at *6 (E.D.N.Y. June 22, 2016), for its determination that although some of the documents sought to be sealed contained material that was publicly available in a state-court action, sealing was nonetheless appropriate. See ECF No. 373 at 2.

      In opposing the instant sealing motion, Iacovacci points the Court to In re New York Times, 799 F. App'x 62, 65 (2d Cir. 2020), and Grossberg v. Fox Corp., No. 23-CV-2368 (JMF), 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023), both cases where the courts concluded that sealing publicly available information was inappropriate. See ECF No. 378 at 1-2. In In re N.Y. Times, the Second Circuit held that the district court abused its discretion in sealing certain portions of a plea transcript that had been publicly disclosed prior to the time of the sealing

motion. 799 F. App'x at 65. In <u>Grossberg</u>, Judge Furman denied a motion to seal a complaint that was in the public domain at the time of the sealing request. 2023 WL 2612262, at *1.

The one case Brevet relies on to support the sealing of material that is publicly available, <u>In re Motion for Civil Contempt by John Doe</u>, is distinguishable. In that case, an individual was accused of violating an injunction by disseminating sealed materials concerning a government informant. <u>See</u> 2016 WL 3460368, at *1-2. The court there found that a compelling interest existed for keeping the materials under seal despite their limited public dissemination—namely, the informant's safety and the integrity of the ongoing and future federal investigations that would have been hampered by further dissemination of the sealed materials. <u>Id.</u> at *5-6. Moreover, to the extent there had been some public dissemination of the sealed materials, it was of a "small number of details" and thus very limited in scope. <u>Id.</u> at *5. None of those factors apply here. For instance, Brevet seeks to redact references to its March 2015 employee handbook but that document is publicly available in its entirety in the related state-court action. <u>See</u> <u>Iacovacci v. Brevet Holdings LLC</u>, Index No. 15873/2016, Dkt. Nos. 41, 76 & 372, (N.Y. Sup. Ct.).

Based on <u>In re New York Times</u> and <u>Grossberg</u>, the Court concludes that it erred in granting the prior sealing motion to the extent it granted a motion to seal material that had been publicly disclosed in another state-court action. As such, the Clerk of Court is directed to unseal ECF Nos. 308-63, 355-85, 362-8, and 362-9. For the same reasons, to the extent Brevet's current motion (ECF No. 376) seeks to seal material filed by Iacovacci that has been publicly disclosed in the state-court action, the motion is denied as to that material. The Clerk of Court is directed to terminate the motion at ECF No. 376.

Brevet is directed to re-file without redactions all exhibits identified at ECF No. 353 as Appendices A, B, C, and D that are either publicly available in the state-court action, or that reference such information, by no later than November 20, 2023. Additionally, as discussed at the conference, the Court has reviewed Brevet's proposed redactions to ECF No. 358, Exhibit A. The redactions in green are appropriate insofar as they relate to information that is not publicly available. However, for the reasons discussed, redactions of testimony discussing information that is public available are improper. The Clerk of Court is directed to maintain ECF Nos. 358, 381 and 381-1 under seal. Brevet is directed to publicly file a copy of ECF No. 381-1 with redactions consistent with this order.

**SO ORDERED.**

DATED:   New York, New York
         October 30, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge